James F. O'Kelly, plaintiff in error, *vs.* The Athens Manufacturing Company, defendant in error.

A *qui tam* action by the common law generally should be instituted in the name of the king.

By the (new) Code of Georgia, it should be in the name of the Governor, or Attorney General or Solicitor General.

It cannot be brought and prosecuted in the name of the informer unless a right *thus* to sue shall have been given *distinctly* by statute.

No legal right having vested in the informer by the institution of this suit in his own name, the act of the Legislature remitting the penalties incurred by manufacturing companies for failing to publish the names of their stockholders, is not violative of that clause of our State Constitution which prohibits the enactment of any law injuriously affecting any right of a citizen.

*Qui tam.* Motion for nonsuit decided by Judge Hutchins, Clark Superior Court, February Term, 1867.

James F. O'Kelly, in his own name, for the use of the County of Clark and of himself, brought *qui tam* actions against The Athens Manufacturing Company, The Georgia Manufacturing Company, and The Prineton Factory. The cases being similar, it was agreed that the judgment in one of them should be the judgment in all.

The substance of the petition is that, The Athens Manufacturing Company, a chartered company under the laws of this State, for the manufacture of cotton goods and cotton yarns, and required by statute to publish twice during each year, in a public gazette nearest their place of business, a list containing the names of each and every stock-

holder, with the amount of stock owned by him or her, had failed so to do five times; to wit, once in 1863, and twice in each of the years 1864 and 1865, whereby it became liable to pay to said plaintiff $5,000 for each of said failures, one-half of which forfeiture belongs to said county and the other half to the plaintiff. The failures being admitted, the defendants moved a nonsuit on the grounds : 1st. Because the action was in the plaintiff's private name, and not in the name of the State, or of the Governor, or Solicitor General ; and, 2d. Because the penal statute on which the action was bottomed had been repealed since this action was brought, and the penalties incurred thereby remitted by the State.

The Court sustained the motion, and ordered said case dismissed. Upon this the plaintiff assigns error.

W. L. MITCHELL, attorney for plaintiff in error.

WM. HOPE HULL and J. HILLYER attorneys for defendant in error.

HARRIS, J.

The action *"qui tam"* was originally one given to the people at large, or rather the forfeitures and penalties prescribed by acts of Parliament were permitted to be sued for by any informer, the act, however, reserving a portion to the king, the poor, or some public use, and hence the name. A suit begun by the informer gave him an exclusive right, and was therefore a bar to other suits. This led offenders to procure their friends to begin this " popular " action, in order to forestall or prevent other actions. This abuse of the suit producing so much collusion, caused the enactment of 4th Henry 7th ch. 20. After this enactment, suits to recover penalties and forfeitures were brought most usually in the name of the king, upon the relation of the informer, and not otherwise, unless by statutory provision.

Such we believe to be a condensed statement of the law as it existed in England up to 14th of May, 1776.

O'Kelly *vs.* The Athens Manufacturing Company.

But even if precedents might be found in England previous to 1776, in which the informer sued in his own name, they would not be obligatory on this Court, since we have a distinct statutory provision in our Code, section 3178, which prescribes that in penal actions allowed in pursuance of public justice under particular laws, if no special officer is authorized by such particular laws to be *the plaintiff* therein, the State, or the Governor, or the Attorney or Solicitor General may be the plaintiff. This certainly confines the *right of being plaintiff* in such suits to the persons enumerated, or the section is unmeaning and would be worthless. The suit here was instituted since this enactment. Neither the pleadings nor testimony show O'Kelly to be such officer, or to be authorized by the act which imposed the forfeiture sued for, to be the plaintiff in the suit.

Having by the institution in his own name of an unauthorized suit acquired no legal right to maintain or prosecute it, the motion made by him to allow the writ to be amended, by substituting the State or Solicitor General as plaintiff, was properly denied. Possessing no right to sue as he did, the argument which was pressed with so much earnestness and ingenuity on our attention, that the Legislature could not, by the act of the 5th March, 1866, Pamphlet p. 6, remit or release the penalties incurred by the act of 9th December, 1862, after suit had been brought by the informer, as it would divest a vested right in violation of our State Constitution, is deprived of all its force. Had the suit been in the name of the State or Governor, on his relation as informer, the question then as to the extent of legislative capacity to release the interest so acquired by him, would have demanded of us an interpretation of that clause of the Constitution of 1865 prohibiting the Legislature from passing any retroactive act injuriously affecting *any right* of the citizen. We forbear expressing any opinion on this question, as such expression is entirely unnecessary to the disposition of the case in the record.

Judgment affirmed.