### 44834, 44835, 44836, 44837. CITY OF GAINESVILLE v. SMITH (four cases).

JORDAN, Presiding Judge. The City of Gainesville, as the condemnor in four cases, appeals from that portion of the final

judgment awarding the special master $100 in each case under the provisions of § 9 of Ga. L. 1957, pp. 387, 391 (*Code Ann.* § 36-609a) which provides, as here applicable, for compensation "not to exceed the sum of $50 per day for the time actually devoted to the hearing and consideration of such matter by such special master." The hearing discloses that the maximum time devoted to any one case varied from 45 minutes to a maximum time of 4 hours. The court, in awarding $100 in each case, based its award expressly on the conclusion "that the special master actually devoted time to the hearing and consideration of such matter on two different days." *Held:*

1. The motion of the special master to dismiss the appeal in each case because he was not a party in the lower court, is not a proper party appellee in this court, and should not be made a party for the first time in this court on appeal, is without merit. Although the special master was not a party to the condemnations, he was treated as if he were a party in respect to the single hearing conducted by the court to determine his compensation in each case, and the judgment in each case is obviously a final judgment as to which the condemnor, being obligated under the law to pay the compensation, is accorded a right of appeal. Inasmuch as the special master's interests will be affected directly by the outcome of the appeals, he is not only a proper party appellee, but an essential party. Moreover, we note that although the condemnees appear in the caption of the appeals as appellees, these condemnees are obviously nominal appellees only who will in no way be affected by the outcome of the appeals, and the fact that they were not served with the notices, even if a procedural deficiency, does not vitiate the appeals.

2. This court is not aware of any controlling precedent to follow in determining the meaning of the statutory phrase "not to exceed the sum of $50 per day for the time actually devoted to the hearing and consideration of such matter by such special master." It being undisputed that the time spent in the hearing and disposition of each case did not exceed the normal working period of one day, the trial court erred in awarding compensation based on two full days for each case. To hold otherwise would overlook the clear language in the statute limiting such compensation to a sum

not in excess of $50 per day for the *"time actually devoted to the hearing and consideration of such matter."*

Every part of a statute must be reviewed in connection with the whole to harmonize all parts where practicable, it being presumed that the legislature did not intend for any part of a statute to be without meaning. *State Revenue Commissioner v. Alexander*, 54 Ga. App. 295 (187 SE 707).

It is also clear that statutes providing for costs and salaries are to be strictly construed. *Walker v. Sheftall*, 73 Ga. 806; *McAlpin v. Chatham County*, 26 Ga. App. 695 (107 SE 74); *Walton County v. Dean*, 23 Ga. App. 97 (97 SE 561).

In viewing the statute as a whole, we think the legislature intended that a special master be compensated in a sum not to exceed $50 per day in each case heard and considered, but that the compensation could not exceed that amount unless the actual time spent on one particular case was more than one normal working-day period. Such not appearing here, so much of the order allowing compensation in excess of $50 in each case is erroneous.

*Judgments reversed. Whitman and Evans, JJ., concur.*

ARGUED OCTOBER 7, 1969—DECIDED FEBRUARY 5, 1970.

*Kenyon, Gunter, Hulsey & Sims, William B. Gunter, Samuel L. Oliver*, for appellant.

*C. E. Smith, Jr.*, for appellee.

*J. Nathan Deal*, amicus curiae.