## 55569. COFER v. GURLEY.

SHULMAN, Judge.

Appellee's driver's license was suspended by the Georgia Department of Public Safety (hereinafter "Department") in accordance with the violation point system of Code Ann. § 68B-307. Following an administrative hearing, the suspension was upheld. Appellee appealed to the superior court which reversed the suspension order. It is from that reversal that this appeal is brought.

The sole issue presented here is whether points under the violation point system should be assessed as of the date of the violation, the date of conviction, or the date on which the Department makes its decision to suspend the license.

1. Appellee first asserts that the points must be assessed as of the date of the violation, using the point scale in effect on that date. His argument is based on the principle that a crime must be punished according to the

law existing at the time of the commission thereof. *Sadler v. State,* 124 Ga. App. 266 (183 SE2d 501).

Unfortunately for appellee, that principle has no application here. "The mandatory suspension of a driver's license imposed under the violation point system cannot be classified as a criminal punishment resulting from a criminal prosecution. It is accomplished administratively by a designated public officer. In short, there is a complete absence of any judicial action and no attribute of a criminal case." *Williams v. State,* 138 Ga. App. 662, 663 (226 SE2d 816).

The basic premise of appellee's position is that suspension of his license is intended as a punishment for his violations of the traffic laws of this state. That premise is faulty.

The intent of the legislature is clearly set out in Code Ann. § 68B-307 (a): "The State of Georgia considers dangerous, negligent, and incompetent drivers to be a direct and immediate threat to the welfare and safety of the general public, and it is in the best interests of the citizens of Georgia to immediately remove such drivers from the highways of this State. Therefore, the department is hereby authorized to: 1. Suspend the license of a driver without a preliminary hearing upon a showing by its records or other sufficient evidence that the licensee is an habitually dangerous or negligent driver of a motor vehicle, such fact being established by the point system in subsection (b). . ." It clearly appears, then, that the violation point system is not provided as a punishment for bad driving, but to protect the general public from bad drivers. Therefore, the principle of criminal law relied upon by appellee does not require that points be assessed as of the date of the violation.

2. Appellee contends that the only other acceptable procedure would be to determine the points to be assessed by the law in effect on the date of the decision to suspend the license.

We find that interpretation incompatible with the language of the statute. Subsection (b) of the statute provides that "[n]otice of each assessment of points may be given. . ." If points are not assessed until enough are amassed to require suspension, the notice of suspension

would be the only meaningful notice which could be given. Under appellee's interpretation, the provision for notice would be meaningless. We will not assume that the legislature intended any provision of the statute to be without meaning. *City of Gainesville v. Smith,* 121 Ga. App. 117 (2) (173 SE2d 225).

3. Appellant depends on the language of the statute: "For the purpose of identifying habitually dangerous or negligent drivers and habitual or frequent violators of traffic regulations governing the movement of vehicles, the departments shall assess points. . .for convictions of violations of the provisions of Title 68A. . ." Code Ann. § 68B-307 (b). Since the statute requires the assessment of points for *convictions,* the appellant urges, the date of conviction is a rational choice as the time for calculation of the number of points to be assessed.

We agree. There is nothing in the record to support the conclusion of the superior court that the Department is required to use one of the interpretations of the statute advanced by appellee. The Department's interpretation is reasonable and in accord with the language of the statute. We, therefore, reverse the order of the superior court.

*Judgment reversed. Bell, C. J., and Birdsong, J., concur.*

SUBMITTED APRIL 10, 1978 — DECIDED
JUNE 27, 1978.

*Arthur K. Bolton, Attorney General, Robert S. Stubbs, II, Executive Assistant Attorney General, Richard L. Chambers, First Assistant Attorney General, John C. Walden, Senior Assistant Attorney General, Kirby G. Atkinson, Assistant Attorney General,* for appellant.

*Harris, Watkins, Taylor & Davis, Thomas F. Richardson,* for appellee.