## 58575, 58576. SOUTHERN DISCOUNT COMPANY OF GEORGIA v. ECTOR; and vice versa.

McMurray, Presiding Judge.

These cases involve an action for declaratory judgment. On December 6, 1977, Southern Discount Company of Georgia was a licensee under the Georgia Industrial Loan Act. On that date it entered into a loan contract with Geneva Ector with reference to a loan coming within that Act. In addition to the agreement by Geneva Ector to repay the note in installments, she also granted to the lender a security interest in certain personal property.

Alleging that the loan contract is in default according to its terms, Southern Discount Company of Georgia, as plaintiff, brought this action against Geneva Ector as defendant, showing the above. It contends that the defendant has advised plaintiff that the loan contract is null and void under the laws of Georgia. Wherefore plaintiff seeks by declaratory judgment to have the loan contract declared to be valid, contending that it is fearful of its rights to proceed against the collateral security under the contract because any action on its part might be deemed wrongful. It also sought judgment against the defendant in the net amount found to be due under the contract. The defendant answered contending the contract was null and void under the Georgia Industrial Loan Act and denied that the plaintiff was entitled to any relief, admitting only jurisdiction and that she had notified plaintiff that the contract was null and void. By counterclaim defendant also sought the sum of $100 statutory damages under Code Ann. § 109A-9—404 (Ga. L. 1978, pp. 1081, 1123) by reason of plaintiff's failure to send a termination statement of any security it claims and had so filed in Fulton Superior Court; plaintiff having failed and refused to terminate its security interest despite the fact that the security interest was void from its inception. Defendant also sought the money she had paid under this void contract as money had and received since December 6, 1977, "to be shown at trial."

After discovery defendant moved for summary judgment. A hearing was held, and the court recited in its

order that both plaintiff and defendant had moved for summary judgment. The court then held the contract to be null and void in that it was violative of the Georgia Industrial Loan Act, specifically Code Ann. § 25-315 (Ga. L. 1955, pp. 431, 440; 1964, pp. 288, 291; 1975, pp. 393, 394; 1977, p. 288) as so declared by Code Ann. § 25-9903 (Ga. L. 1955, pp. 431, 444). The court then recited that Code Ann. § 25-9903, supra, had been amended by Ga. L. 1978, pp. 1033, 1034, effective March 14, 1978. However, this amendment was prospective only and without retroactive effect. Hence the good faith evidence presented by the plaintiff would not be applicable to this contract which was made prior to the amendment, holding "the penalty in effect at the time of the execution of the subject contract governs the case, unaffected by any later public policy considerations." The court then awarded defendant on her motion for summary judgment the sum of $100 under the penalty provision set forth in Code Ann. § 109A-9—404, supra; but denied the defendant's motion and claim as to her entitlement to judgment for money had and received since it appeared without dispute that plaintiff had paid over to the defendant "a greater sum of money than defendant has paid to plaintiff, . . ."

The plaintiff appeals in Case No. 58575, contending the trial court erred in holding the recent amendment of Code Ann. § 25-9903, supra, to be prospective only and not applicable to the loan contract in question and in awarding the defendant the penalty under Code Ann. § 109A-9—404, supra. In Case No. 58576 the defendant cross appeals, contending the trial court erred in refusing to grant her motion for summary judgment on the issue of money had and received. *Held:*

1. There is no dispute that under such cases as *Carter v. Swift Loan &c. Inc.,* 148 Ga. App. 358 (251 SE2d 379) and *Consolidated Credit Corp. v. Peppers,* 144 Ga. App. 401, 404 (240 SE2d 922), the loan fee was incorrectly and excessively computed. By brief the plaintiff has conceded "the subject loan agreement between the parties is substantially identical to that considered in *Consolidated Credit Corp. v. Peppers,* 144 Ga. App. 401." The primary issue presented is whether the new Section 20 of the

Georgia Industrial Loan Act relating to penalties (Code Ann. § 25-9903, as amended by Ga. L. 1978, pp. 1033, 1034) is applicable to this loan contract so as to allow plaintiff to avoid the penalties for making a contract in violation of the Georgia Industrial Loan Act. That is, it may show that the contract was made in good faith in conformity with the judicial interpretations of the Act or regulations officially promulgated by the Georgia Industrial Loan Commissioner.

Defendant contends that the statutory change should not be given a retrospective operation in the absence of language imperatively requiring such application. See *Moore v. Gill,* 43 Ga. 388, 390, 391; *Maynard v. Marshall,* 91 Ga. 840 (18 SE 403); *Long v. Gresham,* 148 Ga. 170, 174 (96 SE 211). However, plaintiff cites Ewell v. Daggs, 108 U.S. 143 (2 SC 408, 27 LE 682), and *Bullard v. Holman,* 184 Ga. 788, 793 (193 SE 586) contending that a contract which is illegal due to usury is merely voidable rather than void so that a repeal of the usury statute may render the illegal contract valid and enforceable. It contends that although the contract was illegal the later amendment rendered it legal with the showing of good faith and that the right of the defendant to avoid her contract was given by statute and has now been taken away by statute.

At the time the contract was executed by and between the parties, the same was one involving and coming within the Georgia Industrial Loan Act which specifically provided that "[a]ny loan contract made in violation of . . . [this statute] . . . shall be null and void." Consequently, the contract was null and void from its inception. See *Household Finance Corp. v. Raven,* 136 Ga. App. 424, 425 (1) (221 SE2d 488) and cits.; *Cooper v. Public Finance Corp.,* 144 Ga. App. 572, 573 (241 SE2d 839). For a comparison between "a void judgment and a voidable judgment" see *Wasden v. Rusco Industries, Inc.,* 233 Ga. 439, 445 (3) (211 SE2d 733). We think the same reasoning applies as between a void contract and one which may be voidable at the option of the makers. From our consideration of the above cases with reference to violations of the Georgia Industrial Loan Act it is quite apparent that if the contract violates the Georgia

Industrial Loan Act is is void ab initio and not merely voidable. The trial court did not err in holding that the latest amendment to Code Ann. § 25-9903, supra, "is prospective only, and without retroactive effect . . . [since] . . . [t]he contract which is the subject of this action was executed prior to the effective date of said Act."

2. The trial court did not err in rendering judgment in favor of the defendant for the $100 penalty under the provisions of Code Ann. § 109A-9—404, supra, when plaintiff failed to comply with defendant's request for a termination statement with reference to the security interest.

3. Code Ann. § 6-803 (Ga. L. 1965, pp. 18, 21; 1966, pp. 493, 496; 1968 pp. 1072, 1077) requires that notice of cross appeal be filed within fifteen days from service of the notice of appeal by appellant. Service of the notice of appeal, when made by mail, is deemed to be perfected on the day it is deposited in the mail. See Code Ann. § 6-902 (a) (Ga. L. 1965, pp. 18, 31; 1966, pp. 493, 498; 1968, pp. 1072, 1076).

The notice of appeal in this case (No. 58575) was served on May 24, 1979, and the notice of cross appeal was untimely filed on June 13, 1979. The notice of cross appeal having been untimely filed, this court is without jurisdiction to review the cross appeal which is dismissed.

*Judgment affirmed in Case No. 58575; appeal dismissed in Case No. 58576. Banke and Underwood, JJ., concur.*

ARGUED SEPTEMBER 26, 1979 — DECIDED OCTOBER 11, 1979 —
REHEARING DENIED OCTOBER 31, 1979 IN CASE NO. 58575;
REHEARING DENIED NOVEMBER 8, 1979 IN CASE NO. 58576 —

*John E. Tomlinson, J. Lamar Nix,* for appellant.
*Ralph Goldberg, Dwight Bowen,* for appellee.
*Charles M. Baird,* amicus curiae.