### 35822. SOUTHERN DISCOUNT COMPANY OF GEORGIA v. ECTOR.

PER CURIAM.

Certiorari was granted to determine whether or not division one of the opinion of the Court of Appeals in *Southern Discount Co. v. Ector,* 152 Ga. App. 244 (262 SE2d 457) (1979), correctly declined to give retrospective operation to Ga. L. 1978, pp. 1033, 1034 (Code Ann. § 25-9903), in a case involving an industrial loan contract made before enactment of the 1978 Act. The decision of the Court of Appeals must be reversed.

1. A majority of this court is of the opinion that *Hodges v. Community Loan &c. Corp.,* 234 Ga. 427 (216 SE2d 274) (1975), was wrongly decided and should be reversed insofar as it authorized forfeiture of the principal of loans under the Georgia Industrial Loan Act. The law correctly is expressed by Justice Ingram's dissent, viz: "the lender shall forfeit all interest and other charges, but not any of the principal sum advanced to the borrower." 234 Ga. at 434.

2. Remaining for decision is the question of whether or not the forfeiture of interest and other charges may be avoided in the present case by proof under Code Ann. § 25-9903 (c) that the loan contract was made in good faith in conformity with an interpretation of the Georgia Industrial Loan Act (1) by the appellate courts of this state or (2) in a rule or regulation officially promulgated by the commissioner after public hearings. This question was answered in the negative by the Court of Appeals upon the basis that retrospective application of the 1978 Act (Code Ann. § 25-9903) was not intended by the General Assembly because of the absence of language in the 1978 Act imperatively requiring such application. 152 Ga. App. at 246. This court disagrees and reverses. Forfeitures and penalties are not favored. Courts should construe statutes relieving against forfeitures and penalties liberally so as to afford maximum relief. Such a construction of the Act does not bring it into conflict with our constitution since a person has no vested rights to a forfeiture or penalty. *Summerour v. Cartrett,* 220 Ga. 31, 32 (136 SE2d 724) (1964); *Roby v. Newton,* 121 Ga. 679, 682,

(49 SE 694) (1904); *Renfroe v. Colquitt,* 74 Ga. 618 (2a) (1885); *O'Kelly v. Athens Mfg. Co.,* 36 Ga. 51 (1867); 36 AmJur2d 629, Forfeitures & Penalties, § 26; 37 CJS 8, Forfeitures, § 4 (b). Cf. *Maynard v. Marshall,* 91 Ga. 840 (18 SE 403) (1893), in which the penalty merely was ameliorated rather than lifted by the subsequent legislation.

*Judgment reversed. All the Justices concur, except Jordan, P. J., Hill and Clarke, JJ., who dissent.*

ARGUED MARCH 10, 1980 — DECIDED MAY 27, 1980 — REHEARING DENIED JUNE 17, 1980.

*John E. Tomlinson, J. Lamar Nix,* for appellant.
*Ralph Goldberg,* for appellee.
*W. Rhett Tanner, Joe G. Davis, Jr., John C. Porter, Jr., Charles M. Baird,* amici curiae.

JORDAN, Presiding Justice, dissenting.

1. In my opinion this court is in grievous error in overruling our decision in *Hodges v. Community Loan &c. Corp.,* 234 Ga. 427 (216 SE2d 274) (1975). The very simple ruling in that case was that there can be no recovery of any kind under a loan contract which the General Assembly has declared "null and void." By reversing *Hodges* this court breathes life into contracts which have been declared by the General Assembly to violate the public policy of this State. Under the majority opinion I see no reason why a gambler cannot seek redress in the courts on a gambling contract which has likewise been declared null and void by the General Assembly.

Declaring a loan contract made in violation of the Industrial Loan Act to be null and void is not a harsh result in view of the fact that some loans made under the Act can approximate an interest rate of forty (40) per cent per annum. If there was any harshness in the rule, it was ameliorated by the 1978 amendment to the Industrial Loan Act by allowing the collection of the principal amount of the loan contract if the lender shows that the violation is the result of a clerical or typographical error, and further that no penalty shall apply if the contract was made in good faith in conformity with appellate court decisions or a rule or regulation of the Commissioner. Code Ann. § 25-9903.

This amendment renders the overruling of *Hodges* totally unnecessary.

2. I also disagree with the holding that this amendment should be applied to contracts made before its effective date. As stated by the Court of Appeals in its opinion, a statutory change should not be

given retrospective operation in the absence of language imperatively requiring such application, citing many cases in support of this time-worn principle.

This statute is completely void of any language indicating an intent by the General Assembly that it should be applied retrospectively.

I would affirm the opinion of the Court of Appeals and therefore respectfully dissent.

HILL, Justice, dissenting.

In *Hodges v. Community Loan &c. Corp.*, 234 Ga. 427 (216 SE2d 274) (1975), which the majority overrule, this court held (234 Ga. at 431): " . . . that the unambiguous language of Code Ann. § 25-9903 requires a holding that a contract made in violation of the Industrial Loan Act is null and void and that no recovery can be had of the principal in a suit for money had and received." The "unambiguous language of Code Ann. § 25-9903" referred to in *Hodges* was: "Any loan contract made in violation of such Chapter shall be null and void." (See 234 Ga. at 428).

At the time *Hodges* was decided, Code Ann. § 25-9903 read as follows (Ga L. 1955, pp. 431, 444): "Any person who shall make loans under the provisions of Chapter 25-3, the Georgia Industrial Loan Act, without first obtaining a license or who shall make a false statement under oath in an application for a license thereunder, or who shall do business while the license of such person under such Chapter is finally suspended or revoked, or who shall knowingly charge, contract for, receive and collect charges in excess of those permitted by such Chapter shall be punished as for a misdemeanor. Any loan contract made in violation of such Chapter shall be null and void."

The Industrial Loan Act was amended in 1980 (Act No. 1415). It now reads in pertinent part as follows: "(a) Any person who shall make loans under the provisions of this Act without first obtaining a license or who shall make a false statement under oath in an application for a license hereunder, or who shall do business while the license of such person under this Act is suspended or revoked, shall be punished as for a misdemeanor; and any contract made under the provisions of this Act by such person shall be null and void."[1]

---

[1]The words "or who shall knowingly charge, contract for, receive and collect charges in excess of those permitted by such Chapter" have been omitted from the above provision.

Another provision of the 1980 act provides as follows: "(g) Any lender duly licensed under this Act who shall knowingly and wilfully with intent to defraud a borrower make a contract in violation of this Act shall be punished as for a misdemeanor, and the contract so made shall be null and void."

The result of the majority's decision to overrule *Hodges* appears to be to allow a lender, who "knowingly and wilfully with intent to defraud a borrower make[s] a contract in violation of this Act", to recover the principal amount of the loan in a suit for money had and received. When the problem arises the majority may (or may not) find that it would be against public policy to allow such a lender (who knowingly and wilfully defrauds a borrower) to recover the principal in a suit of any type, but then WHY OVERRULE *HODGES* when the legislature has enacted the law it wants to have in effect?

Because the General Assembly enacted the 1980 amendment (Act No. 1415) based upon *Hodges,* I would not overrule *Hodges* and create chaos and confusion in an area the legislature has solved. I therefore dissent to Division 1.