## 58575. SOUTHERN DISCOUNT COMPANY OF GEORGIA v. ECTOR.

McMURRAY, Presiding Judge.

The Supreme Court granted certiorari in this case to review our decision in *Southern Discount Co. v. Ector,* 152 Ga. App. 244, 245 (1) (262 SE2d 457), wherein we affirmed the trial court in declining to give retrospective operation to Ga. L. 1978, pp. 1033, 1034, amending Code Ann. § 25-9903 (Ga. L. 1955, pp. 431, 444). In *Southern Discount Co. v. Ector,* 246 Ga. 30 (268 SE2d 621), the decision of this court interpreting Code Ann. § 25-9903, supra, and giving it only prospective application was reversed. It was therein held that inasmuch as forfeitures and penalties are not favored, the courts should construe statutes relieving against forfeitures and penalties liberally so as to afford maximum relief, and the statute in question should be given retrospective application.

The Supreme Court also reversed one of its own decisions, that is, *Hodges v. Community Loan &c. Corp.,* 234 Ga. 427 (216 SE2d 274), wherein the Supreme Court authorized forfeiture of the principal of loans where the Georgia Industrial Loan Act was violated. The Supreme Court held this case was wrongly decided in reviewing *Hodges v. Community Loan &c. Corp.,* 133 Ga. App. 336 (210 SE2d 826). The law now is, as stated by Justice Ingram in the dissent in *Hodges v. Community Loan &c. Corp.,* 234 Ga. 427, supra, at p. 434, that the lender who violates the Georgia Industrial Loan Act does not forfeit the principal but "shall forfeit all interest and other charges."

Accordingly, our opinion in Division 1 of *Southern Discount Co. v. Ector,* 152 Ga. App. 244, 245, 247, supra, as well as the judgment, are vacated and set aside. This requires a reversal of the trial court awarding a judgment to the defendant on her motion for summary judgment as the trial court's interpretation granting prospective application to the latest amendment to Code Ann. § 25-9903 (Ga. L. 1978, pp. 1033, 1034) was incorrect.

*Judgment reversed. Banke and Carley, JJ., concur.*

ARGUED SEPTEMBER 26, 1979 — DECIDED SEPTEMBER 3, 1980.

*John E. Tomlinson, J. Lamar Nix,* for appellant.
*Ralph Goldberg, Dwight Bowen,* for appellee.
*Charles M. Baird,* amicus curiae.