## 36255. WILLIAMS v. COFER.

CLARKE, Justice.

Appellant's driver's license was suspended by the Department of Public Safety as a result of his having accumulated fifteen or more points for traffic violations as provided in Code Ann. § 68B-307. The

suspension was upheld by the Fulton Superior Court, and appellant appeals.

1. Appellant complains that the final violation for which points were assigned to him was beyond the 24-month period because the judgment of the traffic court forfeiting his cash bond was dated December 5, 1978, instead of December 5, 1977, which was the actual date upon which it was entered. The trial court found that the incorrect date could be corrected, and we approve this finding. An obviously incorrect entry of a date on a court document does not change the date an event occurred.

2. Appellant also contends that out-of-state traffic violations cannot be included in the calculation of points for revocation. This contention is erroneous since it is implied in § 68B-303 (c) and specifically provided in § 68B-307 (b) that points will be assessed for out-of-state violations which would subject the violator to points if committed within the State of Georgia.

3. Appellant next argues that the points assessed against him have been erroneously calculated. He points out that by the time of suspension the points assigned for one of the violations had been reduced by the General Assembly to two instead of four as was provided at the time the violation occurred. This issue was specifically addressed in *Cofer v. Gurley,* 146 Ga. App. 420 (246 SE2d 436) (1978). In that case, the Court of Appeals construed the language of § 68B-307 (b) and held that points were accrued at the time of conviction. However, we have since held in *Southern Discount Co. v. Ector,* 246 Ga. 30 (268 SE2d 621) (1980), as follows: "Forfeitures and penalties are not favored. Courts should construe statutes relieving against forfeitures and penalties liberally so as to afford maximum relief." As in *Ector,* we are here construing a statute relieving against a forfeiture. In light of *Ector,* it must be construed liberally. We therefore overrule *Cofer v. Gurley, supra,* to the extent that it would impose a forfeiture in spite of a subsequent relieving statute. In the instant case, however, retrospective application of the point reduction will not affect the results because even after the reduction, appellant is charged with a sufficient number of points to cause his license to be suspended.

4. Appellant makes a constitutional attack upon the point system statute on the ground that no time limit is prescribed within which the Department of Public Safety must act in suspending a license following accumulation of the requisite number of points. There is no showing that the absence of such a time limitation in any way deprived appellant of his constitutional rights. In fact, the notice of suspension in this case was issued only four months after the last adjudication of a violation. This is a patently reasonable period of

time within which to issue the notice, and in the absence of an unreasonable delay, there is no deprivation of a constitutional right.

5. Appellant attacks the constitutionality of Code Ann. § 68B-315 which contains the procedure for appeal from revocation decisions of the Department of Public Safety. He argues that a summary suspension prior to hearing with no provision for automatic stay pending appeal is violative of the due process clauses of the United States Constitution and the Georgia Constitution. This issue has been settled adversely to appellant by the decision of the United States Supreme Court in Dixon v. Love, 431 U. S. 105 (97 SC 1723, 52 LE2d 172) (1977), construing an Illinois point suspension statute similar to that of Georgia. See also *Hardison v. Shepard,* 246 Ga. 196 (269 SE2d 458) (1980).

*Judgment affirmed. All the Justices concur.*

SUBMITTED MAY 23, 1980 — DECIDED SEPTEMBER 17, 1980.

*F. Glenn Moffett, Jr., L. Prentice Eager, III,* for appellant.
*Arthur K. Bolton, Attorney General, Daryl A. Robinson, Assistant Attorney General,* for appellee.