61571. GRIER et al. v. EMPLOYEES FINANCIAL SERVICES.

McMURRAY, Presiding Judge.

This case apparently involves an action brought under the Georgia Industrial Loan Act (Ga. L. 1955, pp. 431, 432, as thereafter amended, particularly by Ga. L. 1964, pp. 288 et seq.; 1978, pp. 1033, 1034; 1980, pp. 1784, 1785), in which the trial court heard the case without a jury and awarded judgment to the plaintiff for the principal only plus attorney fees "there being no dispute as to the amount" of either. The notice of appeal brought by the defendants advised the clerk only to include the order and judgment and that a transcript of the evidence would not be filed for inclusion in the record on appeal. We therefore are bound by the order and judgment appealed from by the defendants as to the issues and facts in the case. *Held:*

1. There is a presumption of the validity of the judgment and the burden of showing the contrary is on the complaining party to show it affirmatively by the record. *Allen v. Smith,* 223 Ga. 265, 266 (154 SE2d 605); *Smith v. Forrester,* 132 Ga. App. 426 (1) (208 SE2d 199).

2. Any party asserting a defense of violation of the Georgia Industrial Loan Act has the burden of showing that defense affirmatively by the record. No copy of the pleadings is available for consideration here. *Hilley v. Finance America Corp.,* 145 Ga. App.

284 (243 SE2d 587).

3. The first enumeration of error is that the trial court erred in holding that lack of evidence as to license at the time of trial did not defeat the lenders' recovery. A party seeking recovery on a Georgia Industrial Loan Act note need not necessarily prove its licensure on the date of trial but has the burden of proving it was licensed "at the time the notes were executed," that is, "at the time the obligation was incurred." *Scroggins v. Whitfield Finance Corp.,* 242 Ga. 416, 418 (249 SE2d 222). See also *Management Search, Inc. v. Kinard,* 231 Ga. 26 (199 SE2d 899). In the case sub judice the trial court held in its order that there was "no dispute that the plaintiff was licensed at the time of the execution of the loan agreement . . . [and defendant] . . . admitted that plaintiff was licensed on . . ., the date of the Answer to the Request for Admissions of Fact." The trial court did not err in holding that the lender was not required to prove it was licensed at the time it seeks redress.

Further, the trial court only awarded the return of the principal and an amount of attorney fees, both of which were not in dispute. See in this connection *Southern Discount Co. v. Ector,* 246 Ga. 30 (268 SE2d 621), reversing s.c. 152 Ga. App. 244 (262 SE2d 457), and holding that *Hodges v. Community Loan & Invest. Corp.,* 234 Ga. 427 (216 SE2d 274), "was wrongly decided and should be reversed insofar as it authorized forfeiture of the principal of loans under the Georgia Industrial Loan Act," adopting the dissent of Justice Ingram at page 434, that the lender does not forfeit "the principal sum advanced to the borrower." Improper licensing would not have prevented a judgment for return of the principal.

4. The remaining enumeration of error is that the trial court erred in holding that the contract was not void and unenforceable where the lender had not brought an action for money had and received. Without the pleadings here we have no way of determining whether or not this was an action upon the contract or also contained an action for money had and received or whether the pleadings were amended by the evidence. There is no doubt that plaintiff's complaint could have been amended to assert a restitution claim under Code Ann. § 81A-115 (Ga. L. 1966, pp. 609, 627; 1968, pp. 1104, 1106; 1972, pp. 689, 694). Under Code § 110-705, a judgment may not be set aside for any defect that is aided by a verdict or amendable as to matter of form. See *Harvard v. Walton,* 243 Ga. 860, 861 (257 SE2d 280). There is no merit in this complaint.

*Judgment affirmed. Quillian, C. J., and Pope, J., concur.*

Decided April 16, 1981 —
Rehearing denied June 17, 1981

*Ralph Goldberg,* for appellants.
*David G. Crockett,* for appellee.
*Charles M. Baird,* amicus curiae.