61723. CALDWELL et al. v. CARSWELL et al.
61724. ATLANTA BOARD OF EDUCATION v. CARSWELL et al.

BANKE, Judge.

We granted the appellants' application for a discretionary appeal from a superior court order reversing a determination by the Department of Labor that the appellees are not entitled to unemployment compensation benefits.

The appellees were each employed by the Atlanta Board of Education under "Title XX contracts" which began on July 1, 1978, and expired on June 30, 1979. During February of 1979, they were informed that these positions would not be renewed due to lack of funding; however, prior to June 30, 1979, each was offered and signed a contract for regular employment with the school system for the 1979-1980 term, to begin on August 27, 1979. They then filed claims for unemployment benefits for the period of unemployment between July 1, 1979, and August 26, 1979. The Department of Labor denied the claims on the basis of Code Ann. § 54-609.1 (a) (2) (as amended

through Ga. L. 1978, pp. 1386, 1393), which provides, in pertinent part, as follows: "[W]ith respect to services performed in an instructional, research, or principal administrative capacity for a public or nonprofit educational institution, benefits shall not be paid based on such services for any week of unemployment commencing during the period between two successive academic years, or terms ... to any individual if such individual performs such services in the first of such academic years (or terms) and if there is a contract or a reasonable assurance that such individual will perform services in any such capacity for any public or nonprofit educational institution in the second of such academic years or terms ..." The superior court found this statute inapplicable, stating: "This case does not fall within statutory intentions. The employees were compensated for services over the period of July 1, 1978, to June 30, 1979. The second contract . . . was not to begin until August 27, 1979. There was an intervening period of approximately two months in which they were not, therefore, employed and not entitled to pay." *Held:*

1. This case does fall within the statutory exception. If the exemption were inapplicable because the appellees were unemployed during the period in question, the statute would be rendered meaningless, for if the appellees had not been unemployed, then they would not have been entitled to unemployment compensation in any event. The rules of statutory construction forbid an interpretation which renders a statute meaningless. See *City of Gainesville v. Smith,* 121 Ga. App. 117 (2) (173 SE2d 225) (1970); *Cofer v. Gurley,* 146 Ga. App. 420, 422 (246 SE2d 436) (1978).

2. In light of the foregoing, the Board of Education's remaining enumeration of error is moot.

*Judgment reversed. Deen, P. J., and Carley, J., concur.*

DECIDED APRIL 23, 1981 —

*Arthur K. Bolton, Attorney General, Robert S. Stubbs II, Executive Assistant Attorney General, Don H. Langham, First Assistant Attorney General, Verley J. Spivey, Senior Assistant Attorney General, Kirby G. Atkinson, Assistant Attorney General,* for appellants (Case No. 61723).

*Bruce H. Beerman, Warren C. Fortson, Torin D. Togut,* for appellees.

*Bruce H. Beerman, Warren C. Fortson,* for appellant (Case No. 61724).

*Torin D. Togut, Arthur K. Bolton, Attorney General, Kirby G.*

*Atkinson, Assistant Attorney General,* for appellees.