66739. GALLETTA v. HARDISON, COMMISSIONER.

BANKE, Judge.

On May 5, 1982, the Department of Public Safety declared the appellant an habitual violator and revoked his driver's license pursuant to the provisions of former Code Ann. § 68B-308 (b) (1) (C) (currently OCGA § 40-5-58 (a) (1) (C)). This action was based on his two convictions in 1981 for driving under the influence and his conviction in 1979 for reckless driving. The revocation was affirmed by the Commissioner following an administrative hearing on July 28, 1982. The case was then appealed to the superior court, which affirmed the decision of the Commissioner on January 28, 1983.

At issue in this discretionary appeal is whether Ga. L. 1982, p.

867, which deleted the offense of reckless driving from those offenses which contribute to habitual violator status under OCGA § 40-5-58 (a) (1) (C) (Code Ann. § 68B-308), should have been given retroactive effect so as to require the reversal of the department's action by the superior court. The amendment, which became effective on November 1, 1982, does not specify whether it was intended to have prospective or retrospective effect. *Held:*

In *Williams v. Cofer,* 246 Ga. 344 (3) (271 SE2d 486) (1980), the Supreme Court, overruling *Cofer v. Gurley,* 146 Ga. App. 420 (246 SE2d 436) (1978), held that an amendment to former Code Ann. § 68B-307 (OCGA § 40-5-57) reducing the number of points to be assessed for a certain traffic offense applied retrospectively to encompass offenses which had already occurred at the time the statute became effective. The basis for this ruling was the following holding from *Southern Discount Co. v. Ector,* 246 Ga. 30 (268 SE2d 621) (1980): "Forfeitures and penalties are not favored. Courts should construe statutes relieving against forfeitures and penalties liberally so as to afford maximum relief." We hold that *Williams* is controlling in the case before us now and that the superior court was consequently required by the 1982 amendment to OCGA § 40-5-58 (a) (1) (C) (Code Ann. § 68B-308) to disregard the appellant's 1979 reckless driving conviction in assessing the sufficiency of the evidence to support the revocation of his license pursuant to that code section.

The cases of *Israel v. Cofer,* 152 Ga. App. 248 (2) (262 SE2d 545) (1979), and *Kelly v. Cofer,* 150 Ga. App. 24 (256 SE2d 635) (1979), are not authority for a contrary ruling, as the amendment at issue in those cases contained an express provision requiring prospective rather than restrospective application. We must reject the department's contention that the 1982 amendment to OCGA § 40-5-58 (Code Ann. § 68B-308) cannot be applied to a case such as this, where the final determination of habitual violator status had already been made by the Commissioner prior to the effective date of the amendment. "On appeal we apply the law as it exists at the time of appeal rather than the law prevailing at the rendition of the judgment under review; we may reverse a judgment that was correct when rendered, where the law has been changed in the meantime and where no vested right will be impaired. *City of Valdosta v. Singleton,* 197 Ga. 194, 208 (28 SE2d 759)." *Hensel Phelps Constr. Co. v. Johnson,* 161 Ga. App. 631 (295 SE2d 843) (1982).

*Judgment reversed. Deen, P. J., and Carley, J., concur.*

DECIDED SEPTEMBER 16, 1983.

*W. Jan Jankowski,* for appellant.
*Michael J. Bowers, Attorney General, Victoria H. Soto, Staff Assistant Attorney General,* for appellee.