## 51308. HOUSEHOLD FINANCE CORPORATION OF ATLANTA v. RAVEN.

EVANS, Judge.

This case involves a loan made by Household Finance Corp. of Atlanta to Margaret Raven under the Georgia Industrial Loan Act. The loan became in default. Mrs. Raven advised the lender the loan contract was void

under Code Ann. § 25-9903; the note contained an acceleration clause which rendered "the total amount then remaining unpaid hereunder at once due and payable including unearned interest"; and she requested a termination statement under Article 9 of the Uniform Commercial Code (Code Ann. § 109A-9—404).

The lender denied the contract was void and sued to collect same.

Defendant answered and denied the indebtedness. She filed a counterclaim and contended the loan contract was void and sought $100 damages authorized by Code Ann. § 109A-9—404, alleging plaintiff refused to issue the requested termination statement.

The trial judge of the Civil Court of Fulton County, after a hearing, held the loan contract was void and that a request for a termination statement had been made and refused, and he awarded defendant the $100 penalty. Plaintiff appeals. *Held:*

1. Counsel for plaintiff contends this loan contract is different and distinguishable from those found in such cases as *Lewis v. Termplan, Inc., Bolton,* 124 Ga. App. 507 (184 SE2d 473); *Lawrimore v. Sun Finance Co.,* 131 Ga. App. 96 (205 SE2d 110), affirmed *Sun Finance Co. v. Lawrimore,* 232 Ga. 637 (208 SE2d 454); *Beneficial Finance Co. v. Treff,* 134 Ga. App. 17 (213 SE2d 126); and *Hardy v. G. A. C. Finance Corp.,* 131 Ga. App. 282 (205 SE2d 526), affirmed *G. A. C. Finance Corp. v. Hardy,* 232 Ga. 632 (208 SE2d 453). But examination of the note here shows that if in default, the note by its terms accelerated the remaining unpaid indebtedness, and made all of it at once due and payable. The trial court held that not merely the principal amount loaned was due, but that the acceleration clause made it all due, including all of the unearned interest added to the loan from its inception. The language contained in the note is virtually the same as that contained in the loan contracts in the above cases, which cases declared the loan contracts to be void. The present loan contract is, for these same reasons, absolutely null and void.

2. Counsel for plaintiff argues that as the loan contract had not been declared void, the $100 penalty was not collectible when he filed suit. But the loan contract

was void from its inception, and Code Ann. § 109A-9—404 clearly provides that "[w]henever there is no outstanding secured obligation . . . the secured party must on written demand by debtor send the debtor a statement that he no longer claims a security interest under the financing statement." Here, it was stipulated that such a request had been made and denied. As the loan was void from its inception, and as plaintiff refused to issue a termination statement, the court did not err in awarding the $100 penalty thereunder, even though the result is somewhat harsh.

*Judgment affirmed. Stolz, J., concurs. Deen, P. J., concurs in the judgment only.*

ARGUED SEPTEMBER 30, 1975 — DECIDED NOVEMBER 4, 1975.

*Harris Bullock,* for appellant.
*Kendric E. Smith,* for appellee.