37840. U. S. LIFE CREDIT CORPORATION v. JOHNSON et al.

PER CURIAM.

The Georgia Court of Appeals certified the following questions:

"1. Under the holding of *Southern Discount Co. v. Ector,* 246 Ga. 30 (268 SE2d 621) (1980) may a lender as licensee under the Georgia Industrial Loan Act (Ga. L. 1975, p. 393; 1978, pp. 1033, 1034) recover the principal amount of a loan in an action *solely* on a loan

---

*contract* when such contract is considered 'null and void' under the provisions of Code Ann. § 25-9903 (Ga. L. 1955, pp. 431, 444) as a result of the inclusion of a usurious amount of interest when the lender does not seek recovery of the principal in a cause of action for money had and received.

"2. If a contract is deemed 'null and void' meaning that the principal of the loan is not forfeited but all interest and other charges are forfeited, is a security interest established by that contract valid so as to relieve a lender from liability under Code Ann. § 109A-9—404 for its failure to issue a termination statement indicating that a borrower has no outstanding obligation?"

1. The Civil Practice Act abolished forms of action. Code Ann. § 81A-108 (a) (1), Ga. L. 1966, p. 609, 619; *Mitchell v. Dickey,* 226 Ga. 218, 220 (173 SE2d 695) (1970); *Dillingham v. Doctors Clinic, P. A.,* 236 Ga. 302 (223 SE2d 625) (1976). "Except as to a party against whom a judgment is entered by default, every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings; but the court shall not give the successful party relief, though he may be entitled to it, where the propriety of such relief was not litigated and the opposing party had no opportunity to assert defense to such relief." Code Ann. § 81A-154 (c) (1) (Ga. L. 1966, p. 609, 658).

The first certified question is answered in the affirmative. Under factual circumstances contained in this question, a lender is entitled to a jury trial on the theory of money had and received.

2. As to question 2, we refer to Division 2 of *Household Finance Corp. v. Raven,* 136 Ga. App. 424, 426 (221 SE2d 488) (1975) as follows: "Code Ann. § 109A-9—404 clearly provides that '(w)henever there is no outstanding secured obligation . . . the secured party must on written demand by debtor send the debtor a statement that he no longer claims a security interest under the financing statement.' . . . As the loan was void from its inception, and as [the lender] refused to issue a termination statement, the court did not err in awarding the $100 penalty thereunder, even though the result is somewhat harsh."

A loan, null and void as a matter of law, creates no "outstanding secured obligation," whether or not declared to be null and void by order of court.

*Certified Question 1 answered in the affirmative, and Certified Question 2 answered in the negative. All the Justices concur, except Jordan, C. J., Hill, P. J., and Weltner, J., who dissent to Division 1.*

DECIDED FEBRUARY 3, 1982.

*Harris Bullock,* for appellant.
*Deborah S. Ebel,* for appellees.
*Hansell, Post, Brandon & Dorsey, W. Rhett Tanner,* amicus curiae.

WELTNER, Justice, dissenting.

I disagree with the majority view in Division 1 for the reasons expressed in Justice Hill's dissent in *Southern Discount Co. v. Ector,* 246 Ga. 30, 32 (268 SE2d 621) (1980). I believe that the words "null and void" should be interpreted to mean null and void.

I am authorized to state that Chief Justice Jordan and Presiding Justice Hill concur in this dissent.