61295. U. S. LIFE CREDIT CORPORATION v. JOHNSON et al.

PÓPE, Judge.

Appellant initiated this suit to recover the total payments of two loans made to appellees. For the purpose of this appeal, we are concerned only with the loan set forth in Count I of appellant's complaint. The loan, which was made by appellant as a licensee under the Georgia Industrial Loan Act, was deemed by the trial court to be null and void because it included interest charges in excess of those allowable under Georgia law. Code Ann. § 25-9903 (Ga. L. 1955, pp. 431, 444).

1. The Industrial Loan Act authorizes a lender to discount interest in advance on loan contracts which are repayable in eighteen months or less.[1] When the life of the loan is in excess of eighteen months, the interest is to be added to the principal amount of the loan when repaid. Code Ann. § 25-315 (a). The interest was discounted in advance in the present case. The loan agreement was entered into on March 2, 1978 and the final monthly installment was due on September 16, 1979, making the term of the loan eighteen months and fourteen days. *Abrams v. Commercial Credit Plan,* 128 Ga. App. 520 (197 SE2d 384) (1973). Appellant argues that the discounting of interest should have been allowed even though the term of the loan was more than eighteen months, since the loan was made in reliance upon official rules promulgated by the Industrial Loan Commissioner.

Rule No. 120-1-10-02 provides that the initial payment on all industrial loans shall become due within forty-five days from the date of the contract and not sooner than the regular installment period. This rule enables the lender to delay the initial repayment on monthly installment loans for approximately fifteen days beyond what would otherwise be the due date of the first installment. Appellant contends the rule was intended to allow flexibility in setting repayment dates at a time of the month which would avoid conflicts with a borrower's other financial obligations and, therefore, at appellees' request the first repayment date was set for April 16, 1978. It was this extension of the due date for the first installment by

---

[1] In determining discount interest the amount of interest is calculated on the amount of the loan and subtracted in advance, giving the borrower the remainder. Thus, the borrower is paying interest calculated on a greater amount of money than the cash he actually receives. "Add on" interest calculates the interest on the amount of cash the borrower actually receives. (Note: These calculations do not take into consideration other fees charged by the lender which may also reduce the amount of cash received by the borrower).

fourteen days which caused the term of the loan in the present case to exceed eighteen months.

Code Ann. § 25-315 (Ga. L. 1975, p. 393) allows the maximum term of an industrial loan to be 36 months and 15 days; therefore, the lender may use the flexibility provided by the commissioner's rule in delaying the initial repayment dates for 36-month loans without exceeding the maximum term allowed by law. Appellant argues that this fifteen-day period specifically applicable to 36-month loans should apply to 18-month loans as well. Borrowers are not charged interest for the additional days and the initial payment date is generally for their convenience. However, had the legislature meant for the advance discounts of interest to be applicable to loans for 18 months and fifteen days, they most certainly would have written the law in such a manner. This court cannot add language to a statute by judicial decree. *State Revenue Commissioner v. Alexander,* 54 Ga. App. 295 (1) (187 SE 707) (1936). In any event, the flexibility in setting repayment dates would have still been available in the present case had appellant charged add-on interest, which is less expensive to the borrower.

The starting point of a loan is the date of execution irrespective of when the first payment is made or when the interest begins to run. *Abrams,* supra. The loan in this case exceeded 18 months and, therefore, the lender could not discount the interest and be in compliance with the plain language of the statute. As a result, the loan included a usurious amount of interest and was "null and void" under the provisions of Code Ann. § 25-9903.

2. Appellant argues that even if the loan contract is null and void the principal amount of the loan is recoverable pursuant to the ruling in *Southern Discount Co. v. Ector,* 246 Ga. 30 (268 SE2d 621) (1980). The provisions of the Industrial Loan Act were interpreted in that case not to require the forfeiture of the principal in situations where the contract had been declared null and void. The principal may be recovered by an action to recover money had and received.

This court certified the following question to the Supreme Court: "Under the holding of *Southern Discount Co. v. Ector,* 246 Ga. 30 (268 SE2d 621) (1980) may a lender as licensee under the Georgia Industrial Loan Act (Ga. L. 1975, p. 393; 1978, pp. 1033, 1034) recover the principal amount of a loan in an action *solely* on a loan *contract* when such contract is considered 'null and void' under the provisions of Code Ann. § 25-9903 (Ga. L. 1955, pp. 431, 444) as a result of the inclusion of a usurious amount of interest when the lender does not seek recovery of the principal in a cause of action for money had and received?"

The Supreme Court answered this question in the affirmative

stating, "The Civil Practice Act abolished forms of action. Code Ann. § 81A-108 (a)(1), Ga. L. 1966, p. 609, 619; *Mitchell v. Dickey*, 226 Ga. 218, 220 (173 SE2d 695) (1970); *Dillingham v. Doctors Clinic, P. A.,* 236 Ga. 302 (223 SE2d 625) (1976). 'Except as to a party against whom a judgment is entered by default, every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings; but the court shall not give the successful party relief, though he may be entitled to it, where the propriety of such relief was not litigated and the opposing party had no opportunity to assert defense to such relief.' Code Ann. § 81A-154 (c)(1), (Ga. L. 1966, p. 609, 658)." *U. S. Life Credit Corp. v. Johnson,* 248 Ga. 852 (1) (287 SE2d 1) (1982).

We conclude that appellant in the present case is entitled to pursue its claim under Count I of its complaint on the theory of money had and received. However, the amount which appellant claims it is entitled to recover under Count I is disputed by appellees and remains unresolved. Therefore, as to Count I of appellant's complaint, the order of the trial court granting summary judgment in favor of appellees is reversed, but denying summary judgment in favor of appellant is affirmed. Compare *Hinsley v. Liberty Loan Corp.,* 133 Ga. App. 344 (4) (211 SE2d 3) (1974).

3. The court certified a second question to the Supreme Court seeking guidance as to this issue: "If a contract is deemed 'null and void' meaning that the principal of the loan is not forfeited but all interest and other charges are forfeited, is a security interest established by that contract valid so as to relieve a lender from liability under Code Ann. § 109A-9—404 for its failure to issue a termination statement indicating that a borrower has no outstanding obligation?"

The Supreme Court, referring to Division 2 of *Household Finance Corp. v. Raven,* 136 Ga. App. 424, 426 (221 SE2d 488) (1975), stated, " 'Code Ann. § 109A-9—404 clearly provides that "(w)henever there is no outstanding secured obligation . . . the secured party must on written demand by debtor send the debtor a statement that he no longer claims a security interest under the financing statement." . . . As the loan was void from its inception, and as (the lender) refused to issue a termination statement, the court did not err in awarding the $100 penalty thereunder, even though the result is somewhat harsh.'

"A loan, null and void as a matter of law, creates no 'outstanding secured obligation,' whether or not declared to be null and void by order of court." *U. S. Life Credit Corp. v. Johnson,* supra at (2).

The order of the trial court awarding damages under Code Ann. § 109A-9—404 is affirmed.

*Judgment affirmed in part; reversed in part. Quillian, C. J., and McMurray, P. J., concur.*

DECIDED MARCH 19, 1982 —
REHEARING DENIED MARCH 31, 1982.

*Harris Bullock,* for appellant.
*Deborah Ebel,* for appellees.