Jacqueline BROWN, Plaintiff-Appellee,

v.

TERMPLAN, INC., OF EAST ATLANTA, Defendant-Appellant.

No. 81–7313.

United States Court of Appeals, Eleventh Circuit.

Dec. 13, 1982.

Rehearing and Rehearing En Banc Denied Jan. 24, 1983.

Richard V. Karlberg, Jr., Atlanta, Ga., for defendant-appellant.

Ralph Goldberg, Atlanta, Ga., for plaintiff-appellee.

Before RONEY and HATCHETT, Circuit Judges, and WISDOM *, Senior Circuit Judge.

RONEY, Circuit Judge:

Although this truth-in-lending case involved other issues as it progressed back and forth from the magistrate to the district court, on appeal only three points are asserted for reversal of summary judgment against the lender. On the merits of the truth-in-lending claim, the question is whether the lender violated Regulation Z, 12 C.F.R. § 226.8(b)(5) (1982), by failing to disclose that its interest in property acquired after the loan, other than accessions, covered only property acquired by the debtor within 10 days of the loan. Initially, the lender asserts that the point should never have been reached by the district court, arguing that it had not been properly asserted by the plaintiff. The lender also appeals the judgment against it on a counterclaim for the debt, contending that the district court erroneously construed Georgia law.

The argument that the district court should not have reached the truth-in-lending claim that it decided in favor of plaintiff need not detain us long. Without reciting the entire procedural history of the case, it is sufficient to note that the district court recognized the problem, but stated:

> a liberal construction of [plaintiff's] brief . . . would suggest that the plaintiff did intend to argue [the point] and that therefore access to the theory ought not be foreclosed to her at this later moment.

The facts were undisputed, the issue one of law addressed by the lender, and the district court had full authority to address the point in the decision of the case. Whether a party well into litigation may tender an issue never suggested before lies within the discretion of the trial court. *Zenith Radio Corp. v. Hazeltine Research, Inc.,* 401 U.S. 321, 330–32, 91 S.Ct. 795, 802–03, 28 L.Ed.2d 77 (1971); *Lamar v. American Finance Sys-*

* Honorable John Minor Wisdom, U.S. Circuit Judge for the Fifth Circuit, sitting by designation.

*tem,* 577 F.2d 953, 954–55 (5th Cir.1978). Indeed, as the lender concedes, a trial court can *sua sponte* address a legal issue raised by neither party. *See, e.g., Powers v. Sims & Levin,* 542 F.2d 1216, 1219 (4th Cir.1976) (affirming district court's finding of a Truth in Lending Act violation based on a theory that the district court considered *sua sponte*). Certainly the trial court here could, in the interest of fairness, entertain an issue presented under a liberal reading of one litigant's brief even though not clearly articulated therein.

The truth-in-lending problem is found in the security clause of the loan agreement securing a $666.60 loan with household furniture. The clause provides:

> This Loan is secured by a Security Agreement of even date covering: (1) the following described property, (2) the proceeds thereof, (3) all property of the same type or character in which Borrower acquires rights, provided that as to consumer goods, other than accessions, such rights are acquired within 10 days after Lender advances funds to or for Borrower upon this loan or upon any future loan made to Borrower by Lender, and (4) all equipment, accessories and parts added or attached thereto.

The issue is whether part (4) of the clause applies to after-acquired property and hence violates the Truth in Lending Act by failing to disclose the 10-day limit on after-acquired property subject to a security interest. The 10-day limit is found in state law as it relates to Regulation Z, 12 C.F.R. § 226.8(b)(5) (1982), which states:

> (b) In any transaction subject to [the Truth in Lending Act], the following items, as applicable, shall be disclosed
>
> ....
>
> (5) A description or identification of the type of any security interest held or to be retained or acquired by the creditor in connection with the extension of credit
>
> ....
>
> If after-acquired property will be subject to the security interest, or if other or future indebtedness is or may be secured by any such property, this fact shall be clearly set forth in conjunction with the description or identification of the type of security interest held, retained or acquired.

While this federal regulation requires a lender to disclose any security interest he acquires, it is state law that determines the security interest a lender may obtain. In regard to after-acquired property, the only security interest that a creditor may obtain, and thus must accurately disclose under Regulation Z, is governed by the state version of the Uniform Commercial Code. Section 109A–9–204 of the Code of Georgia provides in pertinent part:

> (1) Except as provided in subsection (2) a security agreement may provide that any or all obligations covered by the security agreement are to be secured by after-acquired collateral.
>
> (2) No security interest attaches under an after-acquired property clause to consumer goods other than accessions (section 109A–9–314) when given as additional security unless the debtor acquires rights in them within 10 days after the secured party gives value.

The district court held that part (4) of the security clause applied to after-acquired property and hence should have included notice of the 10-day limit on the debtor's acquisition of property subject to a security interest. The lender contends that part (4) covers only property existing at the time the parties executed the loan agreement, not after-acquired property, so that the time limitation did not apply to the property there described. The regulation expressly pertains only to after-acquired property, so that if no after-acquired property is described in part (4), the time limitation does not apply. If, on the other hand, after-acquired property is included in part (4), the lender clearly violated the Truth in Lending Act. *Jacklitch v. Redstone Federal Credit Union,* 615 F.2d 679, 680 (5th Cir.1980).

Although we have not checked each opinion, the briefs tell us that various judges of the Northern District of Georgia have decided that this part of the security agree-

ment includes after-acquired property, while one judge has reached the opposite conclusion. In addition to Judge Freeman, who decided this case, the following judges have found against the lender on the point: Judge Edenfield, *Hudson v. Termplan, Inc., West End,* C80–56A (N.D.Ga. March 26, 1981); Chief Judge Moye, *Bennett v. Termplan, Inc.,* C79–2248A (N.D.Ga. April 24, 1981), *Carroll v. Termplan, Inc.,* C78–116A (N.D.Ga. April 24, 1981), *Simpson v. Termplan, Inc.,* C80–38A (N.D.Ga. April 24, 1981); and Judge Tidwell, *Williams v. Termplan, Inc.,* C78–1400 (N.D.Ga. April 30, 1980). Only Judge Evans has decided the point to the contrary. *Ford v. Termplan, Inc. of Georgia,* C78–1907A (N.D.Ga. Jan. 26, 1981). Judge Evans reasoned, as do the lenders here, that the use of the past tense in the phrase "added or attached thereto" indicates that part (4) refers only to goods possessed by the borrower when the loan agreement is signed.

The decisions of Judge Freeman and the majority of the judges of the Northern District of Georgia who have considered the point appear to us correct. As these judges have noted in rejecting Judge Evans' rationale, "added or attached" could refer to property added or attached after the contract is formed. The language in part (4) does not place any limit on the time of addition or attachment. Although the 10-day limit does not apply to accessions, just other after-acquired property, the lender does not dispute that the security clause here covers more than accessions. *See, e.g., Leslie v. C.I.T. Financial Services, Inc.,* C80–378A (N.D.Ga. March 20, 1981). *See also Jacklitch v. Redstone Federal Credit Union,* 615 F.2d at 680–81 (the narrow term "accessions" does not encompass all additions to goods). Thus, we affirm the decision of the district court that the lender violated Regulation Z, 12 C.F.R. § 226.-8(b)(5) (1982) by failing to disclose in part (4) the 10-day limitation on after-acquired property subject to the lender's security interest.

The lender's counterclaim for the amount due on the debt is controlled by state law. The district court denied any recovery, reasoning that the loan violated the Georgia Industrial Loan Act, *Ga.Code* § 25–315(a) (1981), which provides:

> On loan contracts repayable in 18 months or less, the interest may be discounted in advance and on contracts repayable over a greater period, the interest shall be added to the principal amount of the loan.

█ The loan here provided for discounted interest. The only question is whether it exceeded the 18-month limit. Executed on April 22, 1977, the loan contract called for repayment in 18 monthly installments commencing June 6, 1977. Thus the term of the loan exceeded 18 months by the period from April 22 to May 6. The lender contends that it satisfied the statute by requiring repayment over an 18-month period. The point has been decided by the Georgia courts. In *U.S. Life Credit Corp. v. Johnson,* 161 Ga.App. 864, 290 S.E.2d 280 (1982), the Georgia Court of Appeals concluded that a loan for a term exceeding 18 months is not "repayable in 18 months or less" within the meaning of the Georgia statute. *Accord, Chapter XIII Trustee v. Termplan, Inc. (In re Dixon),* B77–182A (N.D.Ga.1978). "The starting point of a loan is the date of execution irrespective of when the first payment is made or when the interest begins to run." *Johnson,* 161 Ga.App. at 865, 290 S.E.2d at 282. Because the loan at issue here exceeded 18 months, the lender could not legally discount the interest.

█ That the loan violated § 25–315(a) does not necessarily mean the lender cannot recover the principal, however. When the district court dismissed the lender's counterclaim for the underlying debt, it correctly applied what had been Georgia law for years. A few weeks before the dismissal, however, the Georgia Supreme Court overruled prior precedent and held that lenders who make loans deemed null and void under the Georgia Industrial Loan Act need not forfeit any principal, just interest and other charges. *Southern Discount Co. v. Ector,* 246 Ga. 30, 268 S.E.2d 621 (1980). Shortly after the dismissal the lender filed a timely motion under Fed.R.Civ.P. 60(b) for recon-

sideration of the order dismissing its counterclaim. Without ruling on the motion, the district court entered final judgment for the borrower. We remand for reconsideration of the lender's counterclaim in light of *Ector.*

AFFIRMED IN PART; VACATED AND REMANDED IN PART.