Sharon L.C. **HENDERSON**, Petitioner,

v.

**DEPARTMENT OF INTERIOR,**
Respondent.

No. 98–3343.

United States Court of Appeals,
Federal Circuit.

Jan. 28, 2000.

Mark Siegel, of Knoxville, Tennessee, argued for petitioner.

Kenneth M. Kulak, Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, of Washington, DC, argued for respondent. With him on the brief were David W. Ogden, Acting Assistant Attorney General; David M. Cohen, Director; and Robert E. Kirschman, Assistant Director. Of counsel on the brief was P.A. Woods, Office of the Solicitor, Field Office, Department of Interior, of Knoxville, Tennessee.

Before NEWMAN, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and RADER, Circuit Judge.

FRIEDMAN, Senior Circuit Judge.

An Office of Personnel Management ("OPM") regulation, 5 C.F.R. § 351.701(c), provides that in a reduction-in-force ("RIF") an employee may retreat to a position not more than three grades below the position from which the employee was released. The appellant Sharon L.C. Henderson contends that the Merit Sys-tems Protection Board ("Board") improperly relied on the regulation in holding that in the RIF here involved, she could not retreat to a particular position she sought because it did not meet the three grade requirement. In particular, she claims that (1) the Board denied her due process by failing to give her prior notice that it intended to rely on the regulation, and (2) the Board misinterpreted and misapplied the regulation in holding that the position she sought was more than three grades below the position she held at the time of the RIF. We reject these contentions, and affirm.

I

Henderson began her employment with the Office of Surface Mining in the Department of the Interior in 1979 as a grade GS-4 clerk-typist. The next year she was promoted to the GS-5 position of secretary (stenographer). She then became a GS-5 legal clerk, and was promoted in that capacity to GS-6 and GS-7. In 1987 she became a GS-9 Alternative Enforcement Program Specialist. In 1991 she was promoted to GS-11, when that position was so reclassified.

In 1995, because of a shortage of funds, the Office of Surface Mining underwent a RIF in which Henderson was separated. Initially the agency offered her a GS-5 secretarial position, but it rescinded the offer the following day.

Henderson challenged her removal before the Board. In an initial decision, which became final when the Board refused to review it, the Board's administrative judge upheld the removal. He held that under the governing regulation, Henderson could not retreat to any of the five lower graded positions she sought because none of those positions was "essentially identical" to positions she previously had held, as the regulation required.

Henderson filed a petition to review that decision in this court. Her opening brief relied heavily upon the Board's decision in

*Pigford v. Department of the Interior,* 75 M.S.P.R. 250 (1997), which was issued between the initial decision in the present case and the Board's refusal to review that decision. The government moved to remand the case to enable the Board to reconsider in light of *Pigford,* to which Henderson consented. The court granted that motion.

On the remand, the Board stated that its "decision in *Pigford* . . . appear[s] to be relevant to this appeal." It then held:

> In order for the appellant to have retreat rights into an occupied position, however, it can be no more than three grades, or appropriate grade intervals or equivalents, below the GS–11 position from which she was released. *See* 5 C.F.R. § 351.701(c)(2). The GS–5 positions into which the appellant seeks to retreat are more than 3 grades or grade intervals below her GS–11 position. . . . Accordingly, regardless of whether the appellant would otherwise be entitled to retreat to one of the GS–5 positions, she is barred from doing so.

*Henderson v. Department of the Interior,* 79 M.S.P.R. 230, 232–33 (1998).

In the present case, Henderson challenges only the denial of retreat rights to the GS–5 secretarial position.

## II

Henderson challenges the Board's approval of the refusal to permit her to retreat to the GS–5 secretarial position on two grounds. First, she contends that the Board, in relying upon the three-grade regulation, denied her due process because, by failing to give her advance notice of such reliance, it precluded her from arguing that the regulation did not bar her from retreating to the position she sought. Second, she contends that her assumption of that position would not constitute a retreat to a position more than three grades below the position she had at the time of her removal.

The two arguments are interrelated because, if there is no basis upon which she can prevail in her argument on the meaning and application of the regulation, the Board's failure to give her advance notice that it would invoke the regulation could not have prejudiced her. This is such a case.

The regulation provides in pertinent part that an employee may retreat to a position that:

(1) Is held by another employee with lower retention standing in the same tenure group and subgroup;

(2) Is not more than three grades (or appropriate grade intervals or equivalent) below the position from which the employee was released . . .; and

(3) Is the same position, or an essentially identical one, previously held by the released employee in a Federal agency.

5 C.F.R. § 351.701(c) (1995).

Henderson also relies upon 5 C.F.R. § 351.701(f) (1997) which, almost two years after her removal, added to the regulation the following provisions:

(f)(1) In determining applicable grades (or grade intervals) under §§ 351.701(b)(2) and 351.701(c)(2), the agency uses the grade progression of the released employee's position of record to determine the grade (or interval) limits of the employee's assignment rights.

(2) For positions covered by the General Schedule, the agency must determine whether a one-grade, two-grade, or mixed grade interval progression is applicable to the position of the released employee.

Henderson's argument is that "the grade progression of the position from which [she] was released determines the grade level to which she can retreat—not the grade progression of positions to which she seeks to retreat." She was released from a GS–11 position, and she contends that the GS–5 position to which she sought to retreat was only 3 grades below that GS–11 position. In her reply brief she

states "if this Court does remand for further findings on that issue, Ms. Henderson stands prepared to present evidence that, in fact, the entry level of the position from which she was released was GS–5, the grade progression of the position was GS–5, GS–7, GS–9, GS–11, and she could properly retreat to a GS–5 position."

█ Even assuming arguendo that a 1997 amendment of the governing regulation may be looked to in determining Henderson's rights in the RIF that occurred in 1995, *but see Turner v. Merit Systems Protection Board*, 806 F.2d 241, 245–46 (Fed.Cir.1986), her argument fails because it is subject to a fatal flaw: the GS–5 position to which she sought to retreat was that of a secretary, not an Alternative Enforcement Program Specialist, which she was when she was released. Henderson makes no claim that the grade progression of a GS–5 secretary was directly to a GS–7 position, rather than first to grade GS–6. Indeed, the Board stated that the Appeal File showed that "the GS–303 and GS–318 series [covering secretaries] each include positions at both the GS–5 and GS–6 levels." *Henderson*, 79 M.S.P.R. at 232.

The regulation states that "the agency must determine whether a one-grade, two-grade, or mixed grade interval progression is applicable to the position of the released employee." 5 C.F.R. § 351.701(f)(2). The Board in this case necessarily determined that a "mixed grade interval progression" was applicable to the position Henderson occupied at the time of her release. In other words, the Board ruled that although the progression of an Alternative Enforcement Program Specialist may have been two-grade, i.e., from GS–9 to GS–11, the progression of the secretarial position Henderson previously had held was only one grade, i.e., from GS–5 to GS–6, and then to GS–7. Under this progression, the Board correctly concluded that the GS–5 secretarial position to which Henderson sought retreat was more than three grades below her GS–11 Alternative Enforcement Program Specialist position, and therefore not available to her.

As OPM has stated, it adopted the grade limitation (originally two grades) "[t]o limit excessive disruption caused by bumping and retreating across the entire grade structure." Reduction in Force, 51 Fed. Reg. 318 (Jan 3, 1986). "[R]etreat [is] a narrow right," Reduction in Force Retreat Right, 63 Fed.Reg. 32593, 32593 (June 15, 1998), and the application of these regulatory provisions should reflect the way in which the classification system actually operates in dealing with grade level progression. The direction in section 351.701(f) that the agency determine whether a one-grade, two-grade, or mixed grade interval is the proper progression "of the released employee's position of record" furthers this objective. It provides that where the normal progression is two grades—such as from GS–9 to GS–11—the agency should follow that reality and not treat that differential as a one grade progression by inserting a theoretical but fictitious grade ten step between those two levels.

█ Although the regulation frames the limitations upon retreat rights in terms of grade levels, this does not mean that in applying those provisions the particular position to which the employee seeks to retreat should be ignored. Indeed, the regulation permits an employee to retreat only to a position that is "the same position, or an essentially identical one, previously held by the released employee in a Federal agency." 5 C.F.R. § 351.701(c)(3). It would ignore the realities of actual employment practices to determine Henderson's retreat rights as if she were claiming a GS–5 position as an Alternative Enforcement Program Specialist (in which case a two-grade progression might be appropriate), when in fact she is claiming a secretarial position at that level, which has only a one level grade progression. We have no reason to conclude that OPM intended its regulation to have that effect, and Henderson has not pointed to anything that contradicts that conclusion.

The proper inquiry focuses not just on the grade to which an employee may retreat, but also on the position she seeks.

Henderson contends that "two undisputed pieces of evidence in the record ... prepared by the agency ... recogniz[ed] that Ms. Henderson could retreat to a GS–5 position." The first was the memorandum notifying her that her position had been "identified for abolishment" in the RIF and offering her a GS–5 secretarial position. As noted, that letter was rescinded the next day, and therefore is of slight significance.

The second is an internal document the agency prepared in connection with the RIF providing information about Henderson's employment there. It included her positions (beginning with grade five) at the agency, her dates of service and the grades at which she served, and a box for "Lowest Grade" which has in it the numeral "5." This numerical notation hardly shows that the agency believed she was entitled to retreat to a grade five secretarial position; it could equally well merely have shown the lowest grade listed for her elsewhere on the form.

In any event, this scant evidence does not invalidate or undermine our conclusion that the Board properly interpreted and applied the regulation in concluding that Henderson was not entitled to retreat to the GS–5 secretarial position.

■ Since the Board correctly held that the only position to which Henderson now claims retreat rights was more than three grades below the position she held when she was released, the Board's failure to give her prior notice of its intention to rely upon section 351.701(c) could not have prejudiced her or denied her due process. In any event, we know of no authority—and Henderson has cited none—for the proposition that in its adjudicative capacity an administrative agency cannot rely upon a ground of decision not raised by the parties without first giving them notice of its proposed reliance and the opportunity to address the issue. As the Board has stated, "absent a showing of harm, there is

no constitutional infirmity, or other illegality, in a case's being decided on a legal theory which was not argued by the parties. An adjudicator is free to 'sua sponte address a legal issue raised by neither party.'" *Special Counsel v. Filiberti*, 27 M.S.P.R. 498, 504 (1984), *affirmed in part and remanded in part*, 804 F.2d 1504 (9th Cir.1986) (quoting *Brown v. Termplan, Inc.*, 693 F.2d 1047, 1049 (11th Cir.1982)).

## CONCLUSION

The decision of the Merit Systems Protection Board upholding Henderson's removal in the reduction-in-force and denying her the right of retreat to the GS–5 secretarial position is

*AFFIRMED.*