**THIRD DIVISION
DILLARD, P. J.,
GOBEIL and HODGES, JJ.**

**NOTICE: Motions for reconsideration must be _physically received_ in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules**

**January 16, 2020**

# In the Court of Appeals of Georgia

A19A2004. MOOSA COMPANY, LLC v. COMMISSIONER OF
    THE GEORGIA DEPARTMENT OF REVENUE.

HODGES, Judge.

This case addresses the proper forum for a tobacco taxpayer to appeal a tobacco tax assessment by the Commissioner of the Georgia Department of Revenue (the "Commissioner"). After receiving an executive order from the Commissioner stating that it owed unpaid taxes, tobacco retailer Moosa Company, LLC appealed its case to the Georgia Tax Tribunal. See OCGA § 50-13A-1 et. seq. The Tribunal dismissed Moosa's appeal, finding that it did not have subject matter jurisdiction. Moosa petitioned for judicial review, and the Superior Court of Fulton County affirmed the Tribunal's dismissal. This Court granted Moosa's application for discretionary

review, and, because a specific statute dictates the appellate procedure available to a tobacco taxpayer, we affirm the trial court's order.

At the outset, we note that the interpretation of a statute is a question of law, "which is reviewed de novo on appeal." *Brantley Land & Timber v. W & D Investments*, 316 Ga. App. 277, 279 (729 SE2d 458) (2012). "Indeed, when only a question of law is at issue, as here, we owe no deference to the trial court's ruling and apply the 'plain legal error' standard of review." (Citation and punctuation omitted.) *Kemp v. Kemp*, 337 Ga. App. 627, 632 (788 SE2d 517) (2016).

So viewed, the record here shows that on February 1, 2017, Moosa received an Official Assessment and Demand for Payment from the Georgia Department of Revenue ("DOR") stating that it owed $159,298.39 as a result of unpaid tobacco excise taxes, including penalties and interest. Moosa appealed this assessment, and, pursuant to OCGA § 48-11-18 (a),[1] it received a hearing before an administrative

[1] "Any person aggrieved by any action of the commissioner or the commissioner's authorized agent may apply to the commissioner, in writing within ten days after the notice of the action is delivered or mailed to the commissioner, for a hearing. The application shall set forth the reasons why the hearing should be granted and the manner of relief sought. The commissioner shall notify the applicant of the time and place fixed for the hearing. After the hearing, the commissioner may make an order as may appear to the commissioner to be just and lawful and shall furnish a copy of the order to the applicant. The commissioner at any time by notice in writing may order a hearing on the commissioner's own initiative and require the

hearing officer of the DOR on July 19, 2017. On June 25, 2018, the hearing officer, on behalf of the Commissioner, upheld the assessment in its entirety in an Executive Order.

Moosa then filed a petition with the Tax Tribunal,[2] contesting the Executive Order. The DOR moved to dismiss the petition on the ground that the Tribunal lacked subject matter jurisdiction over tobacco excise tax appeals. The Tribunal granted the motion to dismiss, and Moosa petitioned the Superior Court of Fulton County for judicial review of the Tribunal's order. The superior court affirmed the Tribunal's order finding that the Tribunal lacked subject matter jurisdiction, and Moosa now appeals.

---

taxpayer or any other person whom the commissioner believes to be in possession of information concerning any manufacture, importation, use, consumption, storage, or sale of cigars, cigarettes, or loose or smokeless tobacco which has escaped taxation to appear before the commissioner or the commissioner's duly authorized agent with any specific books of account, papers, or other documents for examination under oath relative to the information." OCGA § 48-11-18 (a).

[2] In 2012, the General Assembly created the Georgia Tax Tribunal to be "an independent specialized agency separate and apart from the Department of Revenue to resolve disputes between the department and taxpayers in an efficient and cost-effective manner." OCGA § 50-13A-2. The Tribunal is "an independent and autonomous division within the Office of State Administrative Hearings operating under the sole direction of the chief tribunal judge." OCGA § 50-13A-3.

In three related enumerations of error, Moosa contends that the trial court's finding that the Tribunal lacks subject matter jurisdiction over its appeal results from the trial court's exercise of flawed statutory construction.[3] We disagree.

When this Court interprets any statute, "we necessarily begin our analysis with familiar and binding canons of construction." (Citation and punctuation omitted.) *Kemp*, 337 Ga. App. at 632.

> When we consider the meaning of a statute, we must presume that the General Assembly meant what it said and said what it meant. To that end, we must afford the statutory text its plain and ordinary meaning, we must view the statutory text in the context in which it appears, and we must read the statutory text in its most natural and reasonable way, as an ordinary speaker of the English language would.

(Citations and punctuation omitted.) *Deal v. Coleman*, 294 Ga. 170, 172-173 (1) (a) (751 SE2d 337) (2013); accord *Holcomb v. Long*, 329 Ga. App. 515, 517 (1) (765 SE2d 687) (2014). We must also "seek to avoid a construction that makes some language mere surplusage." (Citations and punctuation omitted.) *Holcomb*, 329 Ga. App. at 517-518 (1). Further, when the language of a statute is "plain and susceptible to only one natural and reasonable construction, courts must construe the statute

---

[3] The merits of Moosa's tax appeal are not before this Court at this time.

4

accordingly." (Citation and punctuation omitted.) Id. at 518 (1); see also *Deal*, 294 Ga. at 173 (1) (a) ("[I]f the statutory text is clear and unambiguous, we attribute to the statute its plain meaning, and our search for statutory meaning is at an end.") (punctuation omitted).

With this framework in mind, we first turn to Chapter 11 of Title 48 of the Code, which governs taxes on tobacco products. Here, the General Assembly provided tobacco taxpayers with a statute which specifically controls their rights to appeal actions by the Commissioner – OCGA § 48-11-18 (b). That statute provides:

> Any person aggrieved because of any final action or decision of the commissioner, after hearing, *may appeal from the decision to the superior court of the county in which the appellant resides*. The appeal shall be returnable at the same time and shall be served and returned in the same manner as required in the case of a summons in a civil action. The authority issuing the citation shall take from the appellant a bond of recognizance to the state, with surety, conditioned to prosecute the appeal and to effect and comply with the orders and decrees of the court. The action of the commissioner shall be sustained unless the court finds that the commissioner misinterpreted this chapter or that there is no evidence to support the commissioner's action. If the commissioner's action is not sustained, the court may grant equitable relief to the appellant. Upon all appeals which are denied, costs may be taxed against the appellant at the discretion of the court. No costs of any appeal shall be taxed against the state.

(Emphasis supplied.) Id.

The language of this statute is clear and unambiguous in its identification of the forum available to tobacco tax payers for appeal - the superior court of the county in which the taxpayer resides. We therefore need not, and in fact may not, engage in any further statutory construction. That said, it is worth noting that the statute contains no reference to the Tribunal as an available forum, and "[t]his court cannot add language to a statute by judicial decree." *U. S. Life Credit Corp. v. Johnson*, 161 Ga. App. 864, 865 (1) (290 SE2d 280) (1982). Indeed, the parties do not dispute that Moosa could have taken the merits of its tax appeal to the superior court pursuant to OCGA § 48-11-18.

Moosa, instead, seeks to appeal the Commissioner's final decision to the Tax Tribunal, claiming OCGA § 48-2-59[4] and OCGA § 50-13A-9[5] authorize the Tribunal

---

[4] "Except with respect to claims for refunds, either party may appeal from any order, ruling, or finding of the commissioner to the Georgia Tax Tribunal in accordance with Chapter 13A of Title 50 or the superior court of the county of the residence of the taxpayer[.]" OCGA § 48-2-59 (a).

[5] OCGA § 50-13A-9 provides:
(a) On and after January 1, 2013, any person may petition the tribunal for relief as set forth in Code Sections 48-2-18, 48-2-35, 48-2-59, 48-3-1, 48-5-519, 48-6-7, and 48-6-76 and subparagraph (d) (2) (C) of Code Section 48-7-31. The tribunal shall have jurisdiction over actions for declaratory judgment that fall within subsection (a) of Code Section 50-13-10 and involve a rule of the commissioner that is applicable to

6

to exercise jurisdiction over the Commissioner's final decision concerning a tobacco tax. However, our case law is clear that "[f]or purposes of statutory interpretation, a specific statute will prevail over a general statute, absent any indication of a contrary legislative intent" in the relevant statutory text. (Citation omitted.) *Goldberg v. State*, 282 Ga. 542, 544 (651 SE2d 667) (2007); see also *Newton v. Lawson*, 313 Ga. App. 29, 33 (2) (720 SE2d 353) (2011) ("it is axiomatic that the terms of a specific statute govern over those of a more general statute") (citation omitted). Consequently, we need not determine the breadth of the language of OCGA § 48-2-59 or OCGA § 50-13A-9, or the extent of the Tribunal's jurisdiction generally. Here, we need only

---

taxes administered by the commissioner under Title 48.

(b) The tribunal shall have concurrent jurisdiction with the superior courts over those matters set forth in subsection (a) of this Code section.

(c) The tribunal shall not have jurisdiction to hear any matter arising under Title 3 or Title 40.

(d) No person shall be required as a condition either to initiating or maintaining an action before the tribunal to provide a surety bond or other security for any amounts that may be in dispute in such action. Nothing contained in this chapter shall be construed to prohibit the commissioner from requiring a bond under those circumstances set forth in Code Section 48-2-51.

(e) The tribunal shall also have jurisdiction over refund petitions filed pursuant to Code Section 48-5-342.

recognize that the specific statute governing tobacco tax appeals prevails over the general jurisdictional statutes concerning the Tribunal.

We are not persuaded by Moosa's argument that OCGA § 50-13A-2 demonstrates contrary "legislative intent" for the Tribunal's general jurisdictional statutes to prevail over the specific provisions of OCGA § 48-11-18 (b). Indeed, OCGA § 50-13A-2 does codify the General Assembly's purpose in creating the Tribunal:

> The General Assembly finds that there is a need for an independent specialized agency separate and apart from the Department of Revenue to resolve disputes between the department and taxpayers in an efficient and cost-effective manner. Such an agency would:
>
> (1) Improve the utilization of judicial resources by resolving tax cases in a more streamlined and efficient manner;
>
> (2) Increase the uniformity of decision making in tax cases;
>
> (3) Improve the equal access of all parties to court process; and
>
> (4) Increase public confidence in the fairness of the state tax system.

Id. But, whether permitting subject matter jurisdiction over tobacco tax appeals in the Tribunal would further this stated purpose, the General Assembly failed to amend the

8

specified appellate procedure codified in OCGA § 48-11-18 so as to broaden the scope of appellate forums available to tobacco taxpayers, and "we discern that the absence of such language was a matter of considered choice." (Citation omitted.) *Gordon v. State*, 316 Ga. App. 42, 46 (1) (a) (728 SE2d 720) (2012). Our conclusion is buttressed by the fact that OCGA § 48-11-18 was last amended in 2013, after the General Assembly created the Tribunal in 2012 by enacting Chapter 13A of Title 50.

"The General Assembly does not enact a general intention; it enacts statutes. Statutes have words, and words have meanings. It is those meanings that we interpret and apply, not some amorphous general intention." *Malphurs v. State*, 336 Ga. App. 867, 870-871 (785 SE2d 414) (2016). In other words, the general intention behind the creation of the Tribunal does not permit this Court to ignore the plain language of OCGA § 48-11-18 concerning the designated appellate forum available to tobacco tax payers. Consequently, we affirm the trial court's order affirming the dismissal of Moosa's appeal before the Tribunal.

*Judgment affirmed. Dillard, P. J., and Gobeil, J., concur*.

9