MARTIN L. SHEALY, plaintiff in error, *vs.* WILLIAM L. TOOLE, defendant in error.

1. A plea is demurrable which alleges the pendency of a garnishment, without saying in whose favor or for what amount. Such a plea is defective, not only in form but in substance, and though amendable, if not amended, it should be stricken on general demurrer.

2. When there is no plea before the court to which the evidence offered can apply, the evidence should be rejected.

3. The pendency of a garnishment is not a good plea in bar to a suit against the garnishee by his own creditor; but it affords equitable ground for moulding the judgment so as to stay execution for so much of the debt as ought to be held up until the garnishee is set free from the garnishment proceeding. Interest and costs are also matters for equitable adjudication, when proper issues as to the same are made by the pleadings.

4. When a contract is usurious on its face no plea of usury is necessary.

5. At the date of the note sued upon, the legal rate of interest was seven per cent. per annum, and a contract for more than ten per cent. was void as to the excess; therefore the undertaking in the note itself to pay interest at two per cent. per month was usurious, and a verdict for interest at that rate was contrary to law.

6. A contract signed on a note by the maker in these terms: "In consequence of the attached note * * not being paid at maturity, I hereby promise and agree to pay two per cent. interest per month until said note is paid," is *nudum pactum*. The past default of the debtor, or past forbearance of the creditor, could not be a consideration for a contract to increase the lawful rate of interest which the note bore when executed, although, in the meantime, all restrictions upon conventional interest had been removed by statute. The agreement recited does not stipulate for future indulgence or forbearance, or import an undertaking by the creditor to grant any.

7. When a contract, on its face, is without consideration and there is no consideration established by the evidence, the contract cannot be enforced, although want of consideration be not pleaded.

Shealy *vs.* Toole.

8. The defendant must know at his peril what is set out in the copy note annexed to the declaration. He cannot claim after trial to have newly discovered a stipulation overlooked, and urge his ignorance of it as cause for a new trial : *34 Georgia Reports, 110.*

Pleadings. Evidence. Garnishment. Usury. Contracts. Consideration. New trial. Before Judge CLARK. Sumter Superior Court. October Adjourned Term, 1874.

Report unnecessary.

JOHN R. WORRILL, for plaintiff in error.

FORT & McCLESKY, for defendant.

BLECKLEY, Judge.

This was complaint in the short statutory form, on two notes dated in December 1872, and due on February 1st, 1873. A copy of each note was annexed to the declaration, including the words "due interest at two per cent. per month." Upon each note was an undertaking signed by the maker, under date of March 26th, 1873, substantially in the terms set out in the 6th head-note to this opinion. A copy of each of these undertakings was, with the copy notes, annexed to the declaration.

There was a plea of the general issue, and one of partial payment, but none of usury or of want of consideration. The defendant filed a special plea that he was garnished, and that the garnishment was still pending; but failed to allege who the plaintiff in garnishment was or what amount he claimed. This plea was demurred to generally, and was stricken by the court.

At the trial, the defendant offered in evidence the record of the garnishment proceeding, and it was rejected. The judge charged the jury that if there, was evidence of a contract to pay interest at two per cent. per month, they might find interest at that rate; and the jury so found. There was no evidence of consideration for the agreements dated in March, other than that expressed therein.

Shealy *vs.* Toole.

After verdict, the defendant moved for a new trial on various grounds ; among them, one called newly discovered evidence, in support of which he filed an affidavit to the effect that he did not authorize the insertion in the notes of the words " due interest at two per cent. per month," and did not know they were in the notes until after trial and verdict. The court refused a new trial, overruling all the grounds.

With this statement of facts, and the head-notes, the views of the court on the law of the case can be understood.

In reference to the plea of garnishment as a defense, the prior decisions of this court should be cited : They are 5 *Georgia Reports*, 425 ; 6 *Ibid.*, 550 ; 8 *Ibid.*, 549 ; 20 *Ibid.*, 477; and *Hamilton vs. Morris*, decided at the present term.

While we rule that such a plea is no bar to the creditor's suit, we think, when the pendency of a garnishment is fully and correctly pleaded, it furnishes occasion, a most fit occasion, for moulding the judgment under sections 3562 and 3082 of the Code, so as to stay execution for a proper amount of the debt so long as is necessary for the garnishee's protection. We also think that the matters of interest and cost might be dealt with, on such a plea, upon equitable principles, so as to do no injustice to either party.

We are satisfied with the verdict except on the allowance of interest. There could be no valid contract at a rate above ten per cent. until the act of 19th February, 1873, was passed ; and even after that, some consideration was necessary. No substantial consideration appears for the new agreements in the present case. But the head-notes are full enough on all the points we have considered.

We reverse the judgment of the court below refusing a new trial, unless the plaintiff shall, at the next term of the superior court, write off all interest recovered, except interest at the regular lawful rate of seven per cent. per annum, from and after the maturity of the notes ; in which event the judgment, so modified, will stand affirmed.