RYAN *v.* AMERICAN FREEHOLD LAND MORTGAGE CO. *et al.*

1. Where, as against one claiming title to land under a deceased person, the right of a judgment creditor of the estate of the latter to subject the land to the satisfaction of the judgment depends upon the validity of a deed made by the deceased for the purpose of securing the debt upon which such judgment is founded, it is the right of the person so claiming under the deceased to attack the deed in question as being void for usury.

2. Where one was duly appointed administrator of the estate of a deceased person, and letters of administration were issued to him accordingly, a judgment rendered against him in proper form as such administrator was not void, although he had not, before the rendition of the judgment, taken the oath and given the bond required by law.

3. Even if the plaintiff had, by claim, an adequate remedy for asserting her title to the land in controversy, yet, inasmuch as her equitable petition seeks to remove all alleged cloud upon her title, and contains allegations which, if duly proved, would entitle her to relief of this character, and probably to other equitable relief, her petition ought not to have been dismissed on demurrer.

June 10, 1895.

Equitable petition. Before Judge SMITH. Pulaski superior court. November term, 1894.

L. C. RYAN, for plaintiff.

W. E. SIMMONS, for defendant.

LUMPKIN, Justice.

In 1884 E. F. Way borrowed a sum of money from

J. K. O. Sherwood, for which he executed notes payable in New York and bearing interest at the rate of 8 per cent. per annum; and in order to secure the loan, conveyed certain land to Sherwood under the provisions of §1969 *et seq.* of the code. Sherwood afterwards conveyed the land and indorsed the notes to the mortgage company. In 1892 it obtained a judgment against the administrator of Way, and caused an execution issued thereunder to be levied upon the land. In 1886 Way conveyed the land to another, under whom Mrs. Ryan, the plaintiff below, claims. She brought an equitable petition against the mortgage company, the administrator of Way, and the sheriff, praying for an injunction against the enforcement of the mortgage company's judgment; for the cancellation of the above mentioned security deed made by Way, and for other relief. The main ground upon which her petition was based was, that the deed last referred to was void for usury. This petition was dismissed on demurrer, and she excepted.

1. The first question which arises is, whether or not Mrs. Ryan had the right to attack the deed on the ground stated. There can be no doubt that a deed infected with usury is absolutely void as to any person entitled to set up its invalidity for this reason; but a mere stranger cannot attack it on this ground. It is obviously essential to the maintenance of Mrs. Ryan's action that the security deed should be set aside. If the deed is valid, the mortgage company's right to sell the land under its judgment is superior to her claim of title under Way, because the mortgage company's security deed is older than the conveyance made by Way under which Mrs. Ryan asserts title. But if the security deed is void, her claim of title, being based upon a deed older than the mortgage company's judgment, would prevail.

We think Mrs. Ryan was in a position to attack the security deed as being void for usury. She is not a mere

stranger, but is a privy in estate with Way, the grantor, —as also is the mortgage company, in so far as concerns its alleged right, by virtue of its security deed, to subject the land to the payment of its debt. In other words, unless this security deed was valid and passed title to Sherwood, through whom the mortgage company claims, the latter could not prevail over Mrs. Ryan. The company therefore must depend directly upon the validity of this deed, in order to subject the land to sale as against her claim; and consequently, it occupies substantially the same position as a plaintiff in ejectment who seeks to recover land, and has in his chain of title a deed open to attack as being founded upon an usurious consideration. In *Jaques* v. *Stewart*, 81 *Ga.* 81, this court held, that whenever a plaintiff seeks to show title in himself by deed or other writing, the defendant has a right to attack the instrument and show that it is void for usury. The principle of that case is applicable here. This principle is recognized, also, in *Zellner et al.* v. *Mobley et al.*, 84 *Ga.* 746, in which the case of *Jaques* v. *Stewart* was cited, and the difference between it and the case then under consideration pointed out. (See page 750.) It does not matter that the mortgage company had reduced to judgment its claim against the estate of Way. Although, as between the plaintiff and defendant in the case resulting in that judgment, it may have been adjudicated that the security deed was free from usury, this adjudication could not be binding upon Mrs. Ryan, for the reason that she was not a party to that case or in any sense represented therein by Way's administrator, his intestate having conveyed to Mrs. Ryan's predecessor in title before that case originated. After parting with the title, nothing done or submitted to by Way, or the legal representative of his estate, could bind or affect her.

The difference between this case and that of *Ezzard* v. *Estes*, 95 *Ga.* 712, is obvious. It was there held, that

a wife could not, in the face of an adjudication against her husband and in favor of a third person that certain deeds were free from usury, set up as valid and binding against such third person a homestead set apart in the lands covered by the deeds after their due execution and delivery. This was so because the wife's right to apply for a homestead rested upon her being a member of the husband's family, and, as such, she was necessarily represented by him in the litigation concerning the validity of the deeds.

2. *Prima facie*, one to whom letters of administration have been issued by the court of ordinary is the legal representative of the intestate to whose estate these letters apply, and creditors of the intestate are entitled to treat him as such. While it is essential for an administrator to take the oath and give the bond required of him by law, his failure to do so will not necessarily render void a judgment obtained against him in his representative capacity in an action properly brought for that purpose.

3. It was insisted that Mrs. Ryan had an adequate remedy for asserting her title to the land in controversy, by claim, and that for this reason, also, her petition was not maintainable. If it is maintainable at all, she is entitled to affirmative equitable relief in the cancellation, as a cloud upon her title, of the security deed from Way to Sherwood; and besides, the petition contains other allegations (which need not be particularly set forth) entitling her to further equitable relief, if they are duly established by evidence.

On the whole, we think the case ought not to have been dismissed, but should have been tried upon its merits. Of course, if Mrs. Ryan fails at the trial to show that the security deed executed by Way is void on account of usury, her entire case will fall to the ground. Whether or not she can establish her allegations as to usury will be developed at the trial. *Judgment reversed.*