PICKETT *v.* FARMERS & MERCHANTS BANK OF CUMMING.

GILBERT, J. A fi. fa. based upon a judgment in favor of the Farmers and Merchants Bank of Cumming against R. J. Webb was levied upon certain realty to which Mrs. C. Pickett filed a claim. Upon the trial of the issue thus made the judge of the superior court directed a verdict in favor of the plaintiff in fi. fa., and the claimant excepted. The facts necessary to an understanding of the issue are as follows: R. J. Webb borrowed $5000 from Mrs. W. J. Webb, and executed to her his three promissory notes therefor. To secure the payment of these notes he executed to her a security deed to certain real estate. Subsequently he executed to Mrs. C. Pickett a deed covering the same realty as security for a loan of $3000. This deed recited that the grantor had made the deed to Mrs. Webb just referred to, that her debt was unpaid, and that it was intended to convey the property subject to the security deed to Mrs. Webb. Later Mrs. Webb, for value received, assigned her three notes against Webb, without recourse, to the Farmers and Merchants Bank of Cumming. At the same time she executed to the bank her quitclaim deed to the property. The bank brought suit against R. J. Webb upon the three notes so assigned, and for a general judgment against R. J. Webb, and for a special lien against the real estate in question; and a judgment was rendered accordingly. On the trial of the claim case there was evidence tending to show that the debtor had admitted an agreement to pay a bonus to the bank as a consideration for its taking up the debt due to Mrs. Webb (but this was unknown to Mrs. Webb), which, if added to the agreed interest, would make the amount of interest exceed the lawful rate. The claimant contended, that by reason of this agreement the deed from Mrs. Webb to the bank was void; that the judgment in favor of the bank was void in so far as it undertook to create a special lien on the land in question; and that the security deed to the claimant was superior to the general judgment.

The only assignment of error is that the verdict was error, "for the reason that said verdict was the result of the erroneous ruling of the court," which was controlling; the ruling complained of being to the effect that there was no usury in the case, but, if there was, the maker of the deed was not connected with such usurious transaction. Upon the hearing in this court there was a motion made to dismiss the bill of exceptions on the ground that there was no valid assignment of error. *Held:*

1. The motion to dismiss is without merit.

2. If any usurious contract existed between the bank and R. J. Webb, it would not affect the deed made by Mrs. W. J. Webb to the bank. *Polhill* v. *Brown,* 84 *Ga.* 338 (3), 341 (10 S. E. 921); *Scott* v. *Williams,* 100 *Ga.* 540, 544 (28 S. E. 243).

*Judgment affirmed. All the Justices concur.*

No. 608. FEBRUARY 15, 1918.

Claim. Before Judge Pendleton. Milton superior court. August 22, 1917.

*G. B. Walker, E. W. Coleman,* and *J. Z. Foster,* for plaintiff in error. *C. L. Harris, H. L. Patterson, G. F. Gober,* and *W. I. Heyward,* contra.