## LONG *v.* GRESHAM.

1. The defense of usury is a personal one, and can not be taken advantage of by a stranger to the usurious contract. Accordingly, where G. owed to M. and D. $183 balance due on a certain city lot of land, and G. induced L. to pay the debt to M. and D., who made and delivered to L. a warranty deed to the property, and at the same time G. made a note to L. for $200 principal, with interest at 8 per cent., and L. gave G. a bond to convey title to the lot on payment of the note; and where L. brought suit upon the note and prayed that the judgment obtained be declared a lien upon the land, and the defendant pleaded usury in the note and prayed that the deed and the homestead waiver in the note be canceled, and where at the conclusion of the evidence on the trial the court directed a verdict in favor of the plaintiff for $183, with a finding that the waiver of homestead be canceled, it was error to direct also a finding that the deed be canceled.

2. A waiver of homestead and exemption rights in a promissory note dated July 10, 1912, and infected with usury, was void as between the maker and the payee. And where a plea of usury was filed by the maker, with a prayer for cancellation of the waiver, it was not error, under the facts of this case, to direct a verdict cancelling such waiver of homestead. The act of 1916 (Acts 1916, p. 48), changing the penalty for charging usury in a note, was not retroactive; and the law fixing a penalty for a usurious charge in a note, of force at the date of the execution of the note, prevails as against an act of the legislature subsequently passed which repeals such penalty.

No. 522. JUNE 14, 1918.

Complaint. Before Judge Tarver. Whitfield superior court. April 7, 1917.

Henry L. Long brought suit against J. S. Gresham on two

promissory notes. One was for $200, dated July 10, 1912, payable to H. L. Long, due one year after date, bearing interest from date at the rate of 8 per cent. per annum, besides 10 per cent. attorney's fees, and containing a waiver of homestead. The other note was for $50, dated December 13, 1913, and due thirty days after date. In his amended plea the defendant averred that the $200 note was tainted with usury. Upon the trial of the issue of usury the defendant introduced a deed dated July 10, 1912, executed by W. C. Martin and E. P. Davis, conveying to the plaintiff Long two lots of land in the City of Dalton. The defendant testified on the trial, that he borrowed only $100 on July 10, 1912, and thought he gave his note for $100 instead of $200; that he did not receive from Mr. Long, on the date of the note, but $100; that $150 was all the money he ever received from him; and that the $50 note was all right. E. P. Davis testified, that the defendant owed Martin and Davis about $200 balance on the land described in the deed; and that on the date of the deed the defendant came to the bank, and Long paid the amount due. Martin and Davis made and delivered to Long the deed to the land. Gresham and Long agreed that Long should pay the amount he paid, and that the deed should be made to Long, which was done to secure the amount of the note for $200 given by Gresham as a part of the transaction, there being $17 or $18 difference between the amount paid and the note. Long, the plaintiff, testified that Gresham, the defendant, came to him and asked him to take up the papers that Martin and Davis held against him. He said he would rather pay Long the interest than the bank. Long wrote out a check to Gresham for $183. Gresham indorsed it and gave it to Davis, and Davis made the deed to Long, who gave Gresham a bond for title, and Gresham gave to Long the note for $200 principal sum. The deed was to secure the note for $200. The $183 was all Long paid Gresham. The plaintiff introduced the indorsed and paid check dated July 10, 1912, the date of the $200 note. The bond for title, bearing the same date as that of the deed, was also introduced, describing the note as being for $200. At the conclusion of the evidence the court directed the jury to return the following verdict: "We, the jury, find for the plaintiff $50 principal and $8.01 interest and $5.80 attorney's fees on the $50 note, and we find $183 principal and $34.95 interest and $21.80 attorney's fees

on the $200 note; and we further find that the deed referred to in the pleadings be canceled; that the homestead waiver in the $200 note be canceled." To the direction of that portion of the verdict canceling the deed and the homestead waiver in the $200 note the plaintiff excepted.

*J. A. Longley* and *J. M. Rudolph,* for plaintiff.

*William E. Mann,* for defendant.

HILL, J. 1. The facts are fully set out in the foregoing statement. Considering the case as made by the record, it was error to direct a verdict cancelling the deed. Even if the $200 note from Gresham to Long was infected with usury, it would not affect the deed from Martin and Davis to Long, it not appearing that the deed was infected with usury. It will be observed that the deed was not from Gresham to Long, but was from Martin and Davis to Long. The deed is not void as being infected with usury, because there is no usury in the deed as between the grantors and the grantee, so far as the record discloses. In *Scott* v. *Williams,* 100 Ga. 540 (28 S. E. 243, 62 Am. St. R. 340), this court held: "While titles to property made as a part of a usurious contract are void, the right to set up the usury and have the conveyance declared void rests only with the maker and his personal representatives and privies. A stranger in interest will not be heard in an attack on a title claimed to be void for usury." Mr. Justice Little, in delivering the opinion of the court, said: "The doctrine is well settled that the defense of usury can only be taken by the party to the usurious agreement, or persons representing him as privies in blood or estate. A stranger can not set up usury as a defense to an action. Tyler on Usury, p. 403. The plea of usury is a personal one, and no one can plead it but the borrower and his privies. *Ryan* v. *Am. Freehold Mortgage Co.,* 96 *Ga.* 322 [23 S. E. 411]; *Zellner* v. *Mobley,* 84 *Ga.* 749 [11 S. E. 402, 20 Am. St. R. 390]. A title may be absolutely void between certain persons, and not void as between others. 84 *Ga.* supra; see also Jones on Mortgages, § 644." And to the same effect, see *Pickett* v. *Farmers & Merchants Bank,* 147 *Ga.* 674 (95 S. E. 253). Whatever usury, if any, may have been in the promissory note executed by Gresham to Long could not affect the deed from Martin and Davis to Long, as the parties to that contract are entirely different, and it does not appear that the deed was tainted with usury in

any way. *Dotterer* v. *Freeman,* 88 *Ga.* 479, 496 (14 S. E. 863); *Pope* v. *Heartwell,* 79 *Ga.* 482 (5 S. E. 487); *Bugg* v. *Russell,* 75 *Ga.* 837.

2. Is the waiver of homestead in the $200 note given by the plaintiff to the defendant void, in view of the act of 1916 (Acts 1916, p. 48), which was passed subsequently to the execution of the note containing the waiver, and which repealed sections 3438 and 3442 of the Civil Code of 1910 (regulating forfeiture where usury is charged, and declaring that all titles to property made as part of a usurious contract, or to evade the laws against usury, are void), and which also substituted in lieu of such penalty one to the effect that any person, company, or corporation violating the provisions of section 3436 of the Code of 1910 shall forfeit only the entire interest so charged or taken, or contracted to be reserved, charged, or taken? Prior to the act of 1916 a waiver of homestead and exemption right, even though such right was inchoate only, was valid and binding on the person making the waiver when the right became complete. But such waiver was void if embraced in a promissory note infected with usury. *Prather* v. *Smith,* 101 *Ga.* 283, 287 (28 S. E. 857). The law on the subject of interest which was in existence at the time of the execution of the $200 note, said to be infected with usury, is the act of 1879 (Acts 1878-9, p. 184), and the first section of the act is embodied in section 3436 of the Civil Code of 1910, as follows: "It shall not be lawful for any person, company, or corporation to reserve, charge, or take for any loan or advance of money, or forbearance to enforce the collection of any sum of money, any rate of interest greater than eight per centum per annum, either directly or indirectly, by way of commission, for advances, discount, exchange, or by any contract or contrivance or device whatever." This section is still of force. It was affected by the act of 1916, supra, only so far as the act provided that any person, company, or corporation violating its provisions should forfeit only the entire interest so charged or taken, or contracted to be reserved, charged, or taken; and it did not make void a deed infected with usury and which was given as a security for debt.

But the question now for decision is whether the act of 1916 was intended by the legislature to be retroactive and apply to notes which were already in existence when the repealing and

amending act of 1916 was passed. In *Maynard* v. *Marshall,* 91 *Ga.* 840 (18 S. E. 403), a case somewhat similar in its facts to the present, Chief Justice Bleckley, said: "Ours is a case in which the legislative declaration that the contract is unlawful is left standing upon the statute book, unmodified and unrepealed. Indeed, if this were not so, it would be difficult to abide by the principle of several decisions made by this court, and yet treat contracts as gaining a legal status by the repeal of usury laws when they did not have it at the time the parties contracted. See *Shealy* v. *Toole,* 56 *Ga.* 210; *Campbell* v. *Murray,* 62 *Ga.* 86; *Broach* v. *Kelly,* 71 *Ga.* 698. Are notes, deeds, etc., fatally vicious on account of usury, to become legally operative when the usury laws are repealed and again vicious when those laws are reinstated, and so continue to rise and fall as often as the policy of the State with respect to usury may change, or will the first change only take effect upon them and subsequent changes pass them by? We need not at present insist that the better and safer line of decision in respect to usurious contracts is the one which this court has heretofore adopted in the three cases just cited; because, whether the repeal of all usury laws would or would not infuse life into a contract which was not in it before, we can safely hold that where such laws are not repealed, so as to remove from the statute book all denunciation of such contracts as unlawful, they get no new life by an amendment of the law which can be fairly construed as intended to operate prospectively only. We thus reach the same result in the present case, wherein the effect of the amending act of September 27th, 1881, has been made a direct question, as was reached in *Crane* v. *Goodwin,* 77 *Ga.* 362, in which the direct question appears not to have been presented." The principle ruled in the *Maynard* case, and those cited therein, is controlling in the present case. And see, in this connection, *Croom* v. *Jordan,* 20 *Ga. App.* 802 (93 S. E. 538). We are of the opinion, therefore, that the legislature in passing the act of 1916, supra, did not intend to make it retroactive, and that it does not affect the $200 note executed in 1912. It follows from what has been said that if the note is tainted with usury, the homestead waiver contained therein is void. *Prather* v. *Smith,* supra.

We are aware that there are outside authorities holding to the contrary of what is here ruled. See 39 Cyc 915 (C); *Ewell v.*

Daggs, 108 U. S. 143, 151 (2 Sup. Ct. 408, 27 L. ed. 682), and cit. But whatever the rule may be elsewhere, we are bound by the former rulings of this court, which are contrary to the rule laid down in some outside jurisdictions; and therefore we think the court properly directed that the jury find that the homestead waiver was void in the $200 note, which was tainted with usury and was unaffected by the act of 1916.

The plaintiff in error having obtained a substantial modification of the judgment of the court below, it is directed that the costs of bringing the case to this court be adjudged against the defendant in error.

*Judgment affirmed in part and reversed in part. All the Justices concur, except*

ATKINSON, J., dissenting from the ruling stated in the first division. Under application of the authorities cited to the facts stated in the opinion, the deed from Martin and Davis to Long was void on account of usury contained in the note from Gresham to Long.