## 40793. FOUNTAIN v. DIXIE FINANCE CORPORATION OF GEORGIA, INC.

GREGORY, Justice.

In May 1979, appellant obtained a loan from appellee for an amount in excess of $6,000. Appellant delivered a secondary deed to secure debt on her home to appellee. In May 1983, appellee advised appellant that the entire balance of the note had become due. Appellee subsequently instituted foreclosure proceedings under the power of sale provisions in the deed to secure debt, and purchased appellant's home at the foreclosure sale. In July 1983, appellant filed a complaint in equity to set aside the foreclosure and to enjoin appellee from taking action to evict her. Appellant claimed the secondary deed to secure debt violated Ga. Laws 1966, p. 574, former OCGA § 7-4-33 (Code Ann. § 57-203), in that it provided for the collection of excessive charges and was, therefore, usurious.

The trial court granted appellee's motion to dismiss the complaint, finding that the 1982 Amendment to the Secondary Security Deeds Act, Ga. Laws 1982, § 8, pp. 488, 492,[1] and the 1983 repeal of the usury provisions of the Secondary Security Deeds Act, Ga. Laws 1983, § 8(b), pp. 1146, 1152, effective March 31, 1983, barred her claim.

Appellant maintains the 1982 Amendment to and the 1983 repeal of the Secondary Security Deeds Act should not bar her claim as the loan, being usurious at its inception, could not be validated by the repeal of the applicable penalties for usury. Rather, she urges that the penalty for usury in effect at the time her loan was made, Ga. Laws 1966, p. 574, supra, governs the validity of the loan in this action. We cannot agree with this position.

A statute prohibiting usury is, "in its nature, a penal statute inflicting upon the lender a loss and forfeiture to that extent. Such has been the general, if not uniform, construction placed upon such statutes. And it has been quite as generally decided that the repeal of such laws, without a saving clause, operated retrospectively, so as to cut off the defense for the future, even in actions upon contracts previously made. And such laws, operating with that effect, have been upheld, as against all objections on the ground that they deprived parties of vested rights, or impaired the obligation of contracts . . . [Cits.] . . . [a]nd these decisions rest on solid ground.

---

[1] Ga. Laws 1982, § 8, pp. 488, 492 effective November 1, 1982, prohibited the claim or defense of usury with regard to loans in excess of $5,000 secured in whole or part by a security instrument other than a first security deed or mortgage.

Independent of the nature of the forfeiture as a penalty, which is taken away by a repeal of the act, the more general and deeper principle on which they are to be supported is, that the right of a defendant to avoid his contract is given to him by statute, for purposes of its own, and not because it affects the merits of his obligation; and that whatever the statute gives, under such circumstances, so long as it remains *in fieri,* [in process of formation or development; incomplete or inchoate] and not realized by having passed into a completed transaction, may, by a subsequent statute, be taken away. It is a privilege that belongs to the remedy, and forms no element in the rights that inhere in the contract. The benefit which he has received as the consideration of the contract, which, contrary to law, he actually made, is just ground for imposing upon him, by subsequent legislation, the liability which he intended to incur . . . The right which the curative or repealing act takes away in such a case is the right in the party to avoid his contract, a naked legal right which it is usually unjust to insist upon, and which no constitutional provision was ever designed to protect." Ewell v. Daggs, 108 U. S. 143, 150-151 (2 SC 408, 27 LE 682) (1883).

The defense of usury is not, in most instances, a bargained-for element of the agreement. It is, rather, as pointed out above, "a privilege that belongs to the remedy," coming into play only when the borrower seeks to assert it as a defense. The fact that the legislature elects to impose a penalty for usury does not go to the merits of the contract. "Under most usury statutes, therefore, it is held that the repealing statute validates, expressly or by implication, an antecedently unenforceable bargain." 6A *Corbin on Contracts,* § 1532, pp. 802-3 (1962). See also Calimari, *Contracts,* § 387, p. 579 (1970); *Southern Discount Co. of Ga. v. Ector,* 246 Ga. 30 (268 SE2d 621) (1980).

The trial court did not err in dismissing appellant's complaint. At the time appellant entered into the loan agreement, the legislature had provided a defense to usurious contracts. Ga. Laws 1966, p. 574. While the loan was still in effect, and before the defense of usury was ever raised, this Act was repealed by the legislature. Ga. Laws 1983, § 8(b), pp. 1146, 1152. Appellant's right to assert this defense, not "having passed into a completed transaction," 108 U. S. at 151, could be abolished by the legislature. Compare *Dorsey v. West,* 252 Ga. 92 (311 SE2d 816) (1984).

While this court may have indicated in dicta in *Fidelcor Mortgage Co. of Ga. v. Tyroff,* 250 Ga. 900 (302 SE2d 96) (1983) that it is proper to look to the penalty for usury in existence at the time the loan is made, *Fidelcor* did not turn on that proposition. We determined that the penalty provisions of former OCGA § 7-4-31

(Code Ann. § 57-201) did not apply in that case because the loan was a commercial loan. The result reached in that case was correct. Our decision did not involve a consideration of the impact of the 1982 Amendment to former OCGA § 7-4-31 (Code Ann. § 57-201).

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 25, 1984 —
REHEARING DENIED MAY 15, 1984.

*Herbie L. Solomon, W. E. Lockette,* for appellant.
*Rikard L. Bridges, Kirbo B. Bridges,* for appellee.