67904. WASSER et al. v. CITIZENS & SOUTHERN
NATIONAL BANK et al.

POPE, Judge.

On June 30, 1982, after defaulting on their homeowners loan and in an effort to prevent foreclosure, Steven and Linda Wasser filed suit against appellees Citizens and Southern National Bank and Family Credit Services, Inc. The Wassers alleged that appellees had violated OCGA § 7-4-30 et seq., popularly known as the Georgia Secondary Security Deed Act, by contracting for a rate of charge in excess of that allowed by the law. The Wassers sought forfeiture by appellees of the principal and interest of the loan amount, as well as return of all money previously paid to appellees in the course of the term of the loan. The loan in question, in the amount of $8,163.50, was made in August 1979. The trial court granted summary judgment to appellees, and the Wassers initially appealed to the Supreme Court. However, that court found no basis for equitable jurisdiction and transferred the case to this court.

We deal here with an act which now has been repealed entirely. See Ga. L. 1983, p. 1146, § 8. As originally framed, the Secondary Security Deed Act provided: "If any loan secured by a secondary security deed on real estate is made in violation of the provisions of this Act, except as a result of a bona fide error, the lender shall forfeit the entire principal amount of the loan plus interest and other charges. In addition thereto, the lender shall also refund any payments on the loan which have been made by the borrower." Ga. L. 1966, pp. 574, 577. Effective April 12, 1982 the law was amended to allow lenders to charge any rate agreeable to the parties to the loan and to completely abolish the forfeiture provisions for all loans of $5,000 or more. See Ga. L. 1982, p. 488.

Therefore, we first must decide whether the penalty forfeiture provisions of the original act apply to a loan made before the effective repeal of those provisions, but upon which loan suit was not com-

menced until well after the repeal was effective. It is undisputed that the loan in question exceeds the amount of $5,000. It is clear that suit was not filed until June 30, 1982. Thus, at the time suit was filed, the Wassers had no cause of action under OCGA § 7-4-30 et seq., unless such cause of action had vested at the time of execution of the contract.

We find that the Wassers had no such vested right in the penalty provided by law at the time of the execution of the loan contract. A person has no vested right to a forfeiture or penalty imposed by law. *Southern Discount Co. of Ga. v. Ector*, 246 Ga. 30 (2) (268 SE2d 621) (1980). "The language embodied in [the Secondary Security Deed Act before the 1982 repeal for loans of $5,000 or more] provides for a *forfeiture*, no more, no less." *Nationwide Financial Corp. of Ga. v. Banks*, 147 Ga. App. 73, 78 (248 SE2d 54) (1978). "Forfeitures and penalties are not favored. Courts should construe statutes relieving against forfeitures and penalties liberally so as to afford maximum relief." *Southern Discount Co. of Ga. v. Ector*, supra at 30. Thus, at the time suit was commenced, the Wassers had no cause of action based upon the Secondary Security Deed Act since the provisions of that act relating to the type of loan held by the Wassers had been previously repealed. It follows that the trial court did not err in granting summary judgment to appellees.

*Judgment affirmed. Banke, P. J., and Benham, J., concur.*

DECIDED MAY 11, 1984.

*Ralph S. Goldberg*, for appellants.
*David G. Crockett*, for appellees.