## 71416. EHRMAN v. MANNING.
### (339 SE2d 652)

DEEN, Presiding Judge.

Appellant Alma L. Ehrman filed suit against appellee Brince Manning, Jr. on October 11, 1978, alleging that on September 5, 1969, she contracted in writing to borrow from him the sum of $11,000, the loan being secured by real estate, for which he charged her 9% interest plus other specified charges, amounting to a sum greater than allowed by law as interest, and demanding judgment of all past interest charges paid and costs of court for usury. The case went through a series of procedural maneuvers culminating in its dismissal by operation of law on November 15, 1983, and renewal on May 14, 1984, pursuant to OCGA § 9-2-61 (a). While the suit was pending Mrs. Ehrman

continued to make payments on a regular basis until the loan was completely repaid in September of 1984. She appeals the judgment of the trial court entered on June 24, 1985, granting Manning's motion for summary judgment on the authority of *Ward v. Hudco Loan Co.*, 254 Ga. 294 (328 SE2d 729) (1985), and denying her motion for summary judgment. *Held*:

The Supreme Court in *Ward* determined that while certain notes secured by security deeds in a 1976 and a 1978 transaction exceeded the allowable interest under the law then in effect, they were nevertheless governed by the 1983 amendment to OCGA § 7-4-2, authorizing the parties on any loan secured by an interest in real estate to contract in writing for "any rate of interest, expressed in simple interest terms . . . where the principal amount involved is more than $3,000." OCGA § 7-4-2 (a) (1) (Ga. L. 1983, pp. 1146, 1147-48, § 1). The court reasoned that because usury is not usually a bargained-for element of the agreement, the repealing statute validated an "antecedently unenforceable bargain"; and since the defense of usury was not raised until after the 1983 amendment to OCGA § 7-4-2 became effective, the interest rates were legal under OCGA § 7-4-2 (a) (1). Ibid at 297, 298.

Mrs. Ehrman argues that *Ward* is inapplicable here, however, because (1) her claim was raised in a suit for the return of money had and received by Manning pursuant to the usurious note, rather than as a defense to a foreclosure action; (2) her rights to the penalty became vested at the time the payments were made from October 11, 1978, until the final payment in September of 1984; and (3) since OCGA § 7-4-2 (a) (1) was passed and took effect while her case was pending against Manning, her vested claim was not affected by the statutory amendment. We do not agree.

First, whether the question is raised in a suit alleging usury or as a defense in a foreclosure proceeding such as *Ward* is immaterial to recovery of a penalty. See, e.g., *Southern Fed. &c. Assn. v. Lyle*, 249 Ga. 284 (290 SE2d 455) (1982); *Knight v. First Fed. &c. Assn.*, 151 Ga. App. 447 (260 SE2d 511) (1979). Further, the Supreme Court has held that a person has no vested rights to a forfeiture or penalty, *Southern Discount Co. v. Ector*, 246 Ga. 30 (1) (268 SE2d 621) (1980); and that only after the issue of entitlement to a forfeiture or penalty has been litigated to a final conclusion, that is, one that can no longer be appealed, does a substantive right to such a penalty vest so as to be unaffected by a change in the controlling legislation. *Dorsey v. West*, 252 Ga. 92 (311 SE2d 816) (1984).

Since there was no final judicial ruling on the question of whether a forfeiture was appropriate in this case prior to enactment of the 1983 amendment to OCGA § 7-4-2, Mrs. Ehrman had no vested or substantive right to recover the penalty allowed under the former

statute. Thus the 1983 provisions of OCGA § 7-4-2 (a) (1) permitting the parties to establish any rate of interest to which they agree in writing are controlling here and even if the law prior to 1983 did in fact prohibit the charges complained of, summary judgment was nevertheless authorized in favor of Manning. It likewise follows that the trial court did not err in denying Mrs. Ehrman's motion for summary judgment.

*Judgment affirmed. Pope and Beasley, JJ., concur.*

DECIDED JANUARY 6, 1986.

*John H. Lantz*, for appellant.
*Sidney L. Moore, Jr.*, for appellee.