A92A1275. TERRY v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.
(422 SE2d 212)

POPE, Judge.

On July 17, 1989, appellant/plaintiff Sharon Terry sustained bodily injuries in a motor vehicle collision. At the time of the collision, plaintiff was the named insured of an automobile policy issued by defendant/appellee State Farm Mutual Automobile Insurance Company. It is undisputed that the policy was in full force and effect at the time of the collision. On February 5, 1991, plaintiff brought this action alleging, inter alia, that defendant in bad faith refused to pay certain medical expenses in a timely manner and seeking to recover penalties and punitive damages pursuant to OCGA § 33-34-6 for defendant's alleged failure to make timely payments.

At the time plaintiff filed suit, OCGA § 33-34-6 was part of the Georgia Motor Vehicle Accident Reparations Act, more commonly known as the No-Fault Act. After plaintiff filed this action, the Georgia legislature repealed the No-Fault Act effective October 1, 1991. The legislature did not indicate whether it intended the repeal of that

statute to have retroactive application.[1] Shortly thereafter, defendant filed a motion to dismiss or alternatively for summary judgment based upon the repeal of the No-Fault Act. The trial court granted defendant partial summary judgment on plaintiff's claims for penalties and punitive damages pursuant to OCGA § 33-34-6. Plaintiff moved for reconsideration and the trial court denied that motion. Plaintiff appeals those rulings.

Plaintiff contends the trial court's grant of partial summary judgment to defendant was error because the contract issued to her by defendant gives her a vested contractual right to seek penalties and punitive damages from defendant and the legislature's repeal of that statute cannot impair that contractual right. That is, the plaintiff argues that her right to pursue penalties and punitive damages if defendant did not make timely payments as required by OCGA § 33-34-6 was a bargained-for element of her contract with defendant which vested upon her payment of the policy premium. The policy provision upon which plaintiff relies is as follows: "[State Farm] will pay in accordance with the No-Fault Act for bodily injury to an insured, caused by accident resulting from the maintenance or use of a motor vehicle. . . ." No-Fault Act is defined in the policy as meaning "the Georgia Motor Vehicle Accident Reparations Act and any amendments."

It is well-settled in this state that repeal of a law authorizing recovery of a penalty defeats the right to recover such a penalty unless the right has become vested. *Spengler v. Employers &c. Ins. Co.*, 131 Ga. App. 443, 448 (206 SE2d 693) (1974), and cases cited therein. The right to recover a penalty may become vested in either of two ways: (1) the right arises contractually, that is, it is the subject of bargained-for consideration; or (2) the party seeking to recover the penalty has secured a final nonappealable judgment. Id.

---

[1] On motion for reconsideration, plaintiff posits that the legislature indicated in the act which repealed the No-Fault Act it did not intend for the repeal to have retroactive application to actions to recover penalties and punitive damages. The legislature specifically provided in Section 3.1 of that act "*coverages* payable without regard to fault in motor vehicle insurance policies in existence on October 1, 1991, shall remain in effect until changed by specific request of the policyholder and reflected by the endorsement to the policy or until the renewal date of the policy . . . ." (Emphasis supplied.) Ga. Laws 1991, p. 1628. "The universal definition of 'coverage' is the amount and extent of risk contractually assumed by the carrier. E.g., *Traders State Bank v. Continental Insurance Co.*, 448 F.2d 280, 283 (10th Cir. 1971); [*Seabaugh*] *v. Sisk*, 413 S.W.2d 602, 606 (Mo. App. 1967); Black's Law Dictionary 330 ([R]ev. 5th ed. 1979). *Accord Insurance Company of North America v. Aufenkamp*, 291 Md. 495, 435 A.2d 774, 778-779 (1981)." *Guaranty Nat. Ins. Co. v. Bayside Resort*, 635 FSupp. 1456, 1458 (D.C.V.I. 1986). There is no indication that the use of the term "coverage" in the act was meant to be broader than the generally accepted definition so as to include a statutory provision such as OCGA § 33-34-6, which does not expand the insured's coverage under a policy but instead creates a remedy when timely payments of the risks assumed by the insurer are not made.

In support of her position that she has a vested contractual right to recover penalties and punitive damages against defendant, plaintiff relies heavily on our decisions in *Spengler,* supra, and *Sentry Ins. v. Echols,* 174 Ga. App. 541 (330 SE2d 725) (1985). Factual distinctions, however, limit the application of those cases to this case. *Spengler* involved two subrogation cases under the Workmen's Compensation Act. In those cases, the employers paid benefits pursuant to the Act, but then gave notice that they intended to protect their subrogation and lien rights. After they gave notice, the statute entitling the employers to subrogation was repealed. This court held that upon the giving of notice, the employers obtained vested substantive rights that could not be impaired by the subsequent repeal of the statute. *Spengler,* 131 Ga. App. at 446. In *Spengler,* we distinguished those cases in which a penalty was sought, as in this case. Id. at 447-449.

Plaintiff, however, points to our recognition in *Spengler* that, although Georgia appellate courts have generally held that the repeal of a law imposing a penalty defeats the right to recover the penalty, nevertheless " '*if the right was a vested one, or was secured by contract,* a repeal of the law could not take away the right.' " (Citations omitted.) Id. at 448. We hold, however, that the mere mention within a contract of an act which contains a statute authorizing penalties is not sufficient to secure the right to collect penalties by contract; parties to the contract must specifically include the right to collect penalties pursuant to a statute in the terms of the contract before the right can be considered vested by the contract. Any other interpretation of that language would be inconsistent with the aversion to forfeitures and penalties consistently recognized by the Georgia appellate courts.

Plaintiff cites *Sentry Ins.,* supra, for the proposition that the penalty and punitive damages provisions set forth in OCGA § 33-34-6 are contractual in nature rather than statutory and therefore cannot be impaired by the subsequent repeal of the statute. In that case, we held that claims pursuant to OCGA § 33-34-6 were governed by the six-year statute of limitation applicable to contracts rather than the twenty-year limitation for actions for the enforcement of rights accruing to individuals under statutes. *Sentry Ins.* 174 Ga. App. at (2). We recognized that the additional recovery authorized by the statute was extra-contractual but was so entwined with the obligations arising from the contract between the parties that the same limitation period should apply to all claims. Id. We are not persuaded that the applicable statute of limitation is determinative of the nature of an insured's claim against an insurer for penalties and punitive damages.

The appellate courts of this state have not had occasion to address the effect of a repeal of a statute authorizing penalties in an insurance context. *Teasley v. Mathis,* 243 Ga. 561 (255 SE2d 57) (1979) (holding that elimination of punitive damages under the No-

Fault Act except when there are serious injuries does not violate due process, equal protection, or right of access to courts). The Georgia Supreme Court, however, has addressed that issue in cases involving the repeal of statutory penalties for violation of usury laws. We find those cases persuasive on this issue. As the Georgia Supreme Court recognized in *Ward v. Hudco Loan Co.*, 254 Ga. 294 (3) (328 SE2d 729) (1985), the recent trend in our appellate decisions is to recognize an aversion to forfeitures and penalties and to construe liberally statutes relieving a party of payment of forfeitures and penalties. Our Supreme Court has further recognized that construing a statute so as to relieve against penalties and forfeitures does not violate the constitutional rights of the complaining party because "a person has no vested rights to a forfeiture or penalty." *Ward*, 254 Ga. at 296 (3). In both *Ward*, supra and *Southern Discount Co. v. Ector*, 246 Ga. 30 (268 SE2d 621) (1980), the Georgia Supreme Court retroactively applied changes to the Industrial Loan Act to relieve a party of a forfeiture or penalty, regardless of remedies available to the borrower at the time he entered into a contract with the lender. See *Wasser v. C & S Nat. Bank*, 170 Ga. App. 872 (318 SE2d 518) (1984).

We hold that the privilege to seek penalties against insurers is not generally a bargained-for element of insurance contracts. "Generally, punitive damages are not recoverable for breach of contract, even though the breach may be in bad faith." (Punctuation and citations omitted.) *Williamson v. Palmer*, 199 Ga. App. 35, 36 (2) (404 SE2d 131) (1991). As in the usury context, the ability to seek punitive damages and penalties is a "privilege that belongs to the remedy" which is applicable only when the insurer has failed to act in good faith. See *Ward*, 254 Ga. at 297 (3). In this case, the contract itself does not specifically mention the insured's ability to seek penalties and punitive damages against the insurer; therefore, we hold plaintiff does not have a vested contractual right. The mere mention of the act containing the statute authorizing penalties and punitive damages, as in this case, does not change the nature of the privilege from extra-contractual to contractual in nature. Therefore, the trial court did not err by granting defendant summary judgment on plaintiff's claim seeking penalties and punitive damages pursuant to OCGA § 33-34-6.

*Judgment affirmed. Carley, P. J., and Johnson, J., concur.*

DECIDED JULY 8, 1992 —
RECONSIDERATION DENIED JULY 28, 1992 — 

Federal, Goetz & Cronkright, Charles M. Goetz, Jr., Julie A. Goodwin, for appellant.

Downey, Cleveland, Parker, Williams & Davis, Y. Kevin Williams, Houston D. Smith III, for appellee.

*Falanga, Barrow & Chalker, Jesse E. Barrow III, Steven K. Leibel,* amici curiae.